No. 36,447

Joe Kucera, *Appellant*, v. The State of Kansas, The Board of County Commissioners of the County of Hamilton, and Amelia J. Minor, as Clerk of the the District Court, etc., *Appellees*.

(164 P. 2d 115)

Opinion filed December 8, 1945.

C. E. Vance, of Garden City, argued the cause, and *Wm. Easton Hutchison* and *A. M. Fleming,* both of Garden City, were on the briefs for the appellant.

*Forest V. McCalley,* county attorney, argued the cause, and *A. B. Mitchell,* attorney general, was on the briefs for the appellees.

The opinion of the court was delivered by

THIELE, J.: This is an appeal from a ruling sustaining a demurrer to a petition in an action in which plaintiff sought to quiet title to real estate.

As far as it is necessary to notice, plaintiff alleged that he was the owner and in possession of certain real estate; that on various dates beginning September 18, 1931, and ending February 15, 1937, the defendant Board of County Commissioners caused to be filed in the office of the clerk of the district court and entered upon the judgment docket as judgments against plaintiff certain personal tax warrants covering taxes assessed against the plaintiff for the years 1930 to 1935, both inclusive, in amounts exceeding $100; that on December 15, 1943, defendants caused to be issued on the tax judgments general executions which were returned without levy about February 12, 1944; that no other or additional execution or other process had been issued on said judgments and the same have ceased to be a lien upon the real estate; that by reason of the tax warrants and judgments the defendants the State and the Board of County Commissioners claimed to have a lien upon plaintiff's real estate and threatened to have execution issued and levied on plaintiff's real estate and the defendant clerk of the district court threatened to and would, upon praecipe of the other defendants, issue such execution. The prayer was that title be quieted and that plaintiff have other relief.

Defendants demurred to the petition on the ground that facts sufficient to constitute a cause of action were not stated. This demurrer was sustained and plaintiff duly perfected his appeal to this court.

The principal question presented in the briefs is whether the lien of a tax warrant filed pursuant to G. S. 1935, 79-2105, ceased after the expiration of five years where no execution or other process was issued thereon. The above statute was repealed in 1943, but was in effect at all times pertinent to the present case. It provided that on the return by the sheriff to the county treasurer of any unsatisfied tax warrant, the county treasurer, under conditions set forth, should file with the clerk of the district court of his county an abstract of the amount of taxes, penalty and costs, accompanied by the last tax warrant, and "said clerk shall enter the amount on his judgment docket, which said unpaid tax shall

become a lien on real estate, in the same manner as a judgment, and a tax warrant may thereupon be issued by said clerk, which shall have the same force as an execution, and such real estate shall be sold without appraisement."

It may be observed that the last warrant referred to in the petition was filed February 15, 1937, and that no execution or process was issued until December 15, 1943, or over six years later. Assuming for the moment that issuance of a tax warrant or execution within five years was necessary to keep the lien alive, that was not done, (G. S. 1935, 60-3405) nor, if the lien or judgment thereby became dormant, was any effort made to revive it within two years thereafter. (G. S. 1935, 60-3221.)

The contentions of appellant and appellees turn on an interpretation of that portion of the statute quoted above. Generally, appellant contends that the words "in the same manner as a judgment" were used to define the manner of the lien created rather than the manner in which the lien arose, that under the statute in effect a judgment was created, which is barred for the reason no execution was issued within five years from its date by reason of G. S. 1935, 60-3405, while, in effect, appellees contend the words do not mean a judgment is created, but only that the filing creates a lien in the same manner that a judgment creates a lien. Before entering upon any discussion of the correctness of either view, we summarize the arguments presented in appellees' brief in support of the trial court's ruling. Methods of collecting taxes are wholly statutory, and whatever remedies or procedure are available in connection therewith are to be found in the statutes (*Sherman County Comm'rs. v. Alden,* 158 Kan. 487, syl. ¶ 1, 148 P. 2d 509, and cases cited therein); that the statute does not state that tax warrants filed in the office of the clerk of the district court are judgments but only that the "unpaid tax shall become a *lien* on real estate, *in the same manner as a judgment,* and a tax warrant may thereupon be issued . . . which shall have *the same force as an execution*"; that the statute has since been amended to provide specifically that such tax warrants are judgments and under rules of statutory construction the older statute must be read in the light of such change (*In re Moseley's Estate,* 100 Kan. 495, syl. ¶ 5, 164 Pac. 1073, L. R. A. 1917 E 1160); that statutes of limitation do not run against the lien in the absence of statute (*City of Osawatomie v. Miami County Comm'rs.,* 153 Kan. 332, syl. ¶ 1,

110 P. 2d 748); that statutory rights and duties of a municipality are not lost through laches, estoppel or statutes of limitation (*Douglas County v. City of Lawrence,* 102 Kan. 656, syl. ¶ 4, 171 Pac. 610, and *In re Moseley's Estate,* supra, syl. ¶¶ 2, 3); and after directing attention to the statutory definition that—

"A judgment is the final determination of the rights of the parties in an action." (G. S. 1935, 60-3101.)

appellees argue that the tax lien filed as provided by the statute does not rise to the dignity of a judgment so as to bring it within G. S. 1935, 60-3405, which provides that if no execution issue within five years from the date of a judgment in favor of the state, the judgment shall become dormant and cease to be a lien on the real estate of a judgment debtor. In effect, it is claimed the filing of the tax warrant did not create a judgment, which would be barred, but only a lien against which no statute is leveled, that the lien did not lose its force by reason of any inaction or delay on the part of the public officials, that the lien is still effective, and plaintiff was not entitled to relief and the demurrer was properly sustained.

As we are in agreement generally with the propositions that methods of collecting taxes are statutory, that statutes of limitation do not run against the state unless so provided by statute, and that the state's rights are not lost through laches, estoppel or inaction of public officials, these matters need not be discussed.

We are not in agreement, however, with the construction placed on the statute by the trial court and contended for by the appellees. Under the statute the first duty imposed on the clerk of the district court is to "enter the amount (of the tax) on his judgment docket." Under the code of civil procedure the clerk of the district court is required to keep a judgment docket to be kept in the form of an index in which the name of each person against whom a judgment is rendered shall appear in alphabetical order, and shall contain the names of the parties, the amount and nature of the judgment and costs, and the date of its rendition. (See G. S. 1935, 60-3801, 60-3804.) This information is obtained from the abstract of taxes, penalty and costs and the last tax warrant filed with the clerk by the county treasurer, and calls for no more and no less than any judgment rendered by the district court (see statutes last noted) nor any judgment of a justice of the peace certified to the district court (G. S. 1935, 60-3480). The effect of such entry is that "the unpaid tax shall become a lien on real estate, in the same manner

as a judgment." In the arguments presented these words are the crux. We are unable to separate them from the context immediately preceding and following their use, as the parties have in part done. We are satisfied that the legislature did not intend by their use to create only a lien and not something having the attributes of a judgment. If only a lien was created, there was no provision for its being reduced to judgment, and it would be unusual to conclude that an execution could issue to satisfy a lien not reduced to judgment. Although to declare the amount of unpaid tax had the elements, characteristics or force of a judgment, does not exactly fit the definition of a judgment as found in the code of civil procedure (G. S. 1935, 60-3101), it is to be borne in mind that the entire taxing machinery provided, among other things, for a return of personal property for taxation by the taxpayer (G. S. 1935, 79-301), for equalization by the county board of equalization (G. S. 1935, 79-1601), for the levy of tax, completion of tax rolls and delivery thereof to the county treasurer (G. S. 1935, 79-1801 *et seq.*), for the correction of irregularities (G. S. 1935, 79-1701 *et seq.*), and ultimately the amount of the tax became determined and beyond review, and that situation existed when the abstract of the amount of taxes and last tax warrant were filed by the county treasurer with the clerk of the district court. We think the legislature intended to do more than create a lien on the real estate of the delinquent taxpayer, and did provide for an entry having the characteristics and attributes of a judgment. This conclusion is fortified by the further language that the clerk may issue a tax warrant which shall have the same force as an execution. Executions are process issued by the clerk and directed to the sheriff and, with exceptions not here pertinent, are against the property or person of the judgment debtor. Issuance of an execution presupposes rendition of a judgment. (See G. S. 1935, ch. 60, art. 34.) For a tax warrant issued by the clerk of the district court to have the same force as an execution issued by him, it would seem to follow that the entry on which the tax warrant issued had the same force as a judgment.

We notice the argument that the statutory provision in question is to be interpreted in the light of later legislative enactments. This opinion would be extended to undue length to make a complete review of the legislative history. The section in question (G. S. 1935, 79-2105) was enacted in 1876 (Laws 1876, ch. 34, sec. 96.)

Under that statute the county treasurer sent out notices to delinquent personal property taxpayers, and if default were then made, issued warrants to the sheriff, who made return to the county treasurer in sixty days. On the return of any unsatisfied tax warrant, if the county treasurer believed the taxpayer had property which could not be reached by the tax warrant it was his duty to file the abstract and last tax warrant with the clerk of the district court. (See R. S. 1923, ch. 79, art. 21.) Prior to 1931 changes were made expanding application of the law for collection of delinquent personal property tax, and the machinery, but the particular section now under inquiry was not changed. (See G. S. 1935, ch. 79, art. 21.) In 1943 a more substantial change was made. Original G. S. 1935, 79-2105 was repealed, and section 79-2101 was amended by Laws 1943, chapter 301, section 3. Under the new act, if the taxpayer makes thirty-day default after notice from the county treasurer, the county treasurer issues his warrant in duplicate. The original is delivered to the sheriff for service, and the copy is delivered to the clerk of the district court, with an abstract of the amount of taxes, interest and costs, and the clerk enters the amount on his judgment docket, "which said unpaid tax shall become a judgment in the same manner and to the same extent as any other judgment under the code of civil procedure and shall become a lien on real estate from the time of filing thereof." And more extended provision was made for execution, garnishment or other proceedings in aid of execution, as well as provisions concerning exemptions and the homestead, and other provisions not necessary to notice now. (See G. S. 1943 Supp. 79-2101.) We note, but do not comment thereon, that further changes were made in the last-noted section by Laws 1945, chapter 360, section 2. The substance of the language last above quoted remains in the last act. In 2 Sutherland on Statutory Construction (3d ed.) § 5110, p. 526, it is said:

"Where a former statute is amended, or a doubtful meaning of a former statute rendered certain by subsequent legislation, a number of courts have held that such amendment or recent legislation is strong evidence of what the legislature intended by the first statute."

We think the purpose of the legislature in amending from time to time the statutes pertaining to delinquent personal property tax, was to provide a more definite procedure to be followed by the county treasurer and the sheriff so as to insure collection of the tax, and when the section of the statute presently involved was re-

pealed and not amended and its substance included in the new act, it did not intend to create a judgment where one did not exist under the previous statute, but only to clarify the language and make certain the meaning of the repealed provision.

The ruling of the trial court on the demurrer is reversed and the cause remanded with instructions to overrule the demurrer.