No. 36,990

THE STATE OF KANSAS and THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF GRAY, *Appellants*, v. H. E. GAMBLE, *Appellee*.

(188 P. 2d 935)

Opinion filed January 24, 1948.

*C. C. Linley,* county attorney, argued the cause, and *Harold R. Fatzer,* assistant attorney general, was with him on the briefs for the appellants.

*George R. Gould,* of Dodge City, argued the cause, and was on the briefs for the appellee.

The opinion of the court was delivered by

HOCH, J.: This was a proceeding in garnishment brought to recover delinquent personal property taxes. The trial court set aside the garnishment summons and discharged the garnishee, and the county appeals. The question presented is whether under the facts presently to be stated, garnishment could be maintained.

The facts are not in dispute and the regularity of the proceeding is not questioned. The personal property taxes of appellee, a resident of Gray county, were unpaid for the tax years 1931 to 1939 inclusive. In April, 1939, the county treasurer filed with the clerk of the district court an abstract of the unpaid taxes for the years 1931 to 1937, inclusive, together with the tax warrants with returns showing the taxes uncollected. On May 24, 1940, similar procedure was had with reference to the 1938 taxes and on March 13, 1941, with reference to the 1939 taxes, all as provided in the statute (G. S. 1945 Supp. 79-2101). Thereafter, no execution or other process was issued on these tax warrant judgments until December 21, 1946, at which time

the county attorney filed an affidavit in garnishment and a garnishment summons was issued to the Montezuma State Bank, of Montezuma, Kan. No action had been taken to revive any of the tax judgments. It thus appears that as to the taxes for the years 1931 to 1937, inclusive, more than seven years had expired between the filing of the uncollected tax warrants with the clerk of the court and the institution of the garnishment proceeding, and that more than five years had so expired as to the taxes for 1938 and 1939.

We have repeatedly held that methods for the collection of delinquent taxes are wholly statutory, and that no procedures or remedies are available except those found in the tax statutes (*Kucera v. State,* 160 Kan. 624, 626, 164 P. 2d 115; *Sherman County Comm'rs v. Alden,* 158 Kan. 487, and cases cited on page 492, 148 P. 2d 509). It follows that unless the instant garnishment proceeding is provided for in the tax statutes, it was invalid.

We note at the outset that the garnishment proceeding was brought in the name of the county commissioners. While the *tax collecting* officer of the county under the general legislative scheme for property assessment, levy and collection of taxes is the county treasurer and not the county commissioners (*Cunningham v. Blythe,* 155 Kan. 689, 694-5, 127 P. 2d 489), and while the instant statute simply provides that when the treasurer has filed the tax warrant with the clerk of the district court, he shall serve notice of so doing upon the county attorney and "it shall be the duty of the county attorney to commence such proceedings as are necessary for the collection of such judgment," no contention is here made that the action was not properly brought by the county attorney in the name of the county commissioners. Accordingly we shall not consider that question.

The statute here primarily involved is G. S. 1945 Supp. 79-2101. Summarized, the section provides that the county treasurer shall, between the tenth and fifteenth days of January send a notice to the persons whose personal property taxes were unpaid on the first of January, and that between the tenth and fifteenth days of July he shall send a similar notice to those so delinquent on the first of July. These notices shall state the amount of personal property tax charged against the party and notify him that he can pay the tax by adding ten percent interest thereon from the date the tax became due. If the taxes remain unpaid for a period of thirty days after mailing these notices, the county treasurer shall issue a warrant to the sheriff directing him to levy the amount of the unpaid taxes and

interest together with his fees for collecting them upon any personal property of the party. On receipt of these tax warrants the sheriff shall proceed to collect the taxes the same as upon his execution. If the sheriff collects the taxes, he shall make a return accordingly on or before the first day of October of the year following the year in which the tax was levied and shall pay the same to the county treasurer. If the sheriff's return shows that the tax has not been collected "the county treasurer shall file with the clerk of the district court of his county an abstract of the total amount of unpaid taxes and interest due plus penalties and costs, accompanied by the last tax warrant, and said clerk shall enter the total amount thereof on his judgment docket, and said total amount, together with interest thereon at the rate of ten percent per annum from the date of filing thereof, until paid, *shall become a judgment in the same manner and to the same extent as any other judgment under the code of civil procedure* and shall become a lien on real estate at the time of the filing thereof." A transcript of this judgment may be filed in any other county and become a lien upon real estate located in such county in the same manner as is provided in the case of other judgments. The statute further provides: "Execution, *garnishment* or other proceedings in aid of execution *may issue* within the county or to any other county *on said judgment* in like manner as on judgments under the code of civil procedure except that any real estate taken upon execution for the collection of such taxes shall be sold without appraisement." Upon filing the abstract of the unpaid taxes and the last tax warrant with the clerk of the district court "the county treasurer shall serve notice, in writing, on the county attorney of such filing and it shall be the duty of the county attorney to commence such proceedings as are necessary for the collection *of such judgment.*" The section then provides: "If execution shall not be sued out *within five years* from the date of the entry of any such judgment, or if five years shall have intervened between the date of the last execution issued on such judgment and the time of suing out another writ of execution thereon, *such judgment shall become dormant,* and shall cease to operate as a lien on the real estate of the delinquent taxpayer. Such dormant judgment may be revived in like manner as dormant judgments under the code of civil procedure." (Italics supplied.) Since no action was taken in this case to revive any of the tax judgments, it is unnecessary to note the revivor provisions of the civil code (G. S. 1935, 60-3221).

It is unnecessary to trace fully the legislative history of the provisions now embodied in this section.  Much of it is recited in *Richards-Conover Hardware Co. v. Sharp,* 150 Kan. 506, 95 P. 2d 360.

That part of the section which provides that, when the uncollected tax warrant is filed with the clerk of the district court, it becomes a lien upon the delinquent's real estate, has been in the law since 1876.

Prior to 1943, it was the duty of the county treasurer to file the unsatisfied tax warrants with the clerk of the court only *"if he believe such delinquent taxpayer has property which cannot be reached by said tax warrant."*  (Italics supplied.)   (G. S. 1935, 79-2105.)   But in 1943, the legislature amended section 79-2101 in a number of particulars and repealed a number of sections, among them G. S. 1935, 79-2105, above referred to.  Among such amendments was a provision that when the taxes remained unpaid for a period of thirty days after mailing the prescribed notices, the county treasurer should issue a warrant in duplicate, the original being delivered to the sheriff and the duplicate to the clerk of the district court, and that the clerk should thereupon enter the amount of the unpaid tax upon his judgment docket which should become a judgment in the same manner and to the same extent as any other judgment, and should become a lien upon the real estate from the time of filing thereof.  It will be noted that under this revision the provision that the county treasurer was to file the unpaid tax warrant with the clerk of the court only "if he believe such delinquent taxpayer has property which cannot be reached by said tax warrant" was omitted, and it became his duty, without qualification, to so file the duplicate of the tax warrant when the taxes remained unpaid for thirty days after mailing of the notice.  In 1945, section 79-2101 was again amended with reference to this matter to provide, as it now does, that the county treasurer is to file the unpaid warrant with the clerk of the district court, *not when he issues the original* to the sheriff, *but only when the sheriff makes a return showing the tax has not been collected.*

The provisions heretofore noted (G. S. 1945 Supp. 79-2101) that if execution shall not be issued within five years from the date of the entry of the judgment, or if five years shall have intervened between the date of the last execution issued on such judgment and the time of suing out another writ of execution, the judgment shall

become dormant and cease to be a lien on the real estate, and the provision that such dormant judgment may be revived in like manner as dormant judgments under the civil code, were added in 1945.

Appellants' principal contentions are that the provisions of section 79-2101, that tax warrant judgments become dormant after five years unless kept alive by issuance of execution means only that it then ceases to be a lien upon real estate and that in any event, statutes of limitation do not apply as against the state and particularly as to tax debts. The second contention requires no extended comment. Assuming the correctness of appellants' statement of the general rule, and for present purposes that the general provision of the civil code as to judgments becoming dormant (G. S. 1935, 60-3405) would not apply to the state, the tax statute here involved (79-2101) *specifically provides* that the tax warrant judgment shall become dormant after five years and shall be released two years thereafter. If this provision does not apply as against the state, to whom does it apply? And it should here be noted that the provision was inserted in the statute in 1945, prior to institution of the instant action.

We cannot agree with appellants' contention that the dormancy provision relates only to the lien on real estate. It is probably true that one of the principal purposes of section 79-2101 was to constitute the tax warrant judgment a lien upon the delinquent's real estate. But the statute provides no such limitation as urged by appellants. It simply provides that when so filed the tax warrant shall become a judgment "in the same manner and *to the same extent as any other judgment*" under the code of civil procedure, and that if not kept alive by issuance of execution *"such judgment shall become dormant,* and shall cease to operate as a lien on the real estate," etc. (Italics supplied.) This provision of the statute was discussed in *Kucera v. State,* supra. While the action in that case was to quiet title to real estate, and the specific question here involved was not there at issue, it was said in the opinion:

"We think the legislature intended to do more than create a lien on the real estate of the delinquent taxpayer, and did provide for an entry having the characteristics and attributes of a judgment. This conclusion is fortified by the further language that the clerk may issue a tax warrant which shall have the same force as an execution. Executions are process issued by the clerk and directed to the sheriff and, with exceptions not here pertinent, are against the property or person of the judgment debtor. Issuance of an execution presupposes rendition of a judgment. (See G. S. 1935, ch. 60, art. 34.)

For a tax warrant issued by the clerk of the district court to have the same force as an execution issued by him, it would seem to follow that the entry on which the tax warrant issued had the same force as a judgment." (p. 628.)

That statement was in harmony with the plain words of the statute. A tax warrant, when filed as provided, becomes a judgment the same as any other judgment. We cannot read into the statute a limitation that after five years the judgment becomes dormant only as a lien on real estate, but remains alive for all other purposes.

Appellants do not contend that garnishment proceedings for the collection of unpaid personal property taxes are anywhere provided for in the tax statutes except in section 79-2101. Under that statute they may issue only upon tax warrant *judgments*. As to the years 1931 to 1937, inclusive, the judgments should have been released of record by the clerk of the district court, more than two years having elapsed after they had become dormant (G. S. 1935, 60-3405). As to the years 1938 and 1939, the judgments had become dormant but were not yet subject to release. Clearly no valid garnishment summons could issue upon a judgment which had become dormant.

Much is said in the briefs on the question of whether the tax obligation itself ceases to exist upon release of the tax warrant judgment. While pertinent to the discussion, that question is not specifically before us. We are dealing directly only with the question of garnishment. Attention may be called, however, to the case of *Richards-Conover Hardware Co. v. Sharp,* supra, which was an action to enjoin the sheriff from selling personal property under *alias* personal property tax warrants. In the opinion it was said:

"On behalf of appellees and in support of the judgment of the trial court it is argued that the only circumstance specifically provided for in the statute for the county treasurer to issue alias personal-property tax warrants is when the sheriff, in an effort to serve the tax warrant first issued by the county treasurer, learns that the taxpayer has moved to or resides in some other county in the state and reports that fact on his return; then the county treasurer may issue a tax warrant to the other county, and if that is returned unsatisfied, may then issue alias tax warrants to the sheriff either of his own county or any other county in the state where the taxpayer resides or has property. It is argued that since this was not done in this case there was no authority for the county treasurer to issue the alias tax warrants. This specific question was before the court in *Lumber Co. v. Chandler,* 90 Kan. 561, 135 Pac. 601. There the court held adverse to this view.

. . . . . . . . . . . . . .

"An alias subpoena, execution, warrant or writ, is simply one issued after the first has been returned without having accomplished its purpose. (3 Black.

283; 4 Black. 319; 2 C. J. 1033; 3 C. J. S. 514; see, also, Bouv. L. D., where it is said, 'It is used of all species of writs.') The general rule is that one who has· authority to issue such an instrument has authority to issue an alias if the first is returned without having accomplished its purpose. This general rule is not abrogated by a statutory provision for issuing an alias execution or writ under special circumstances, such a statute normally being regarded as supplemental to the general power to issue such alias instruments rather than a limitation upon such general power. (23 C. J. 392; 10 R. C. L. 1246; 21 Am. Jur. 44.)

. . . . . . . . . . . . . . . .

"When the tax warrants for the years 1932 to 1936 were returned with the taxes uncollected, the taxes were not paid by reason of that fact; the taxpayer still owed the taxes. . . . With the duty imposed upon the treasurer to collect taxes, and with the warrants first issued returned uncollected, and with the taxes not paid, if the treasurer thought the taxpayer had property which could be reached by a tax warrant it was not inconsistent with his duties to issue an alias tax warrant, and no statute prohibits him from doing so." (pp. 511, 512, 514.)

Other contentions of the appellee are resolved by the conclusions already stated.

The judgment is affirmed.