No. 45,290

JAMES H. RIGGAN, *Appellant*, v. DIRECTOR OF REVENUE OF THE
STATE OF KANSAS, LEONARD H. AXE, *Appellee*.

(453 P. 2d 52)

Opinion filed April 12, 1969.

*Earl M. Clarkson, Jr.,* of Wichita, argued the cause, and *Wilmer E. Goering*
and *Michael J. Silver,* also of Wichita, were with him on the brief for the
appellant.

*Dale E. Dixon,* of Topeka, argued the cause, and *Kent Frizzell,* Attorney
General, was with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is an action to enjoin the Director of Revenue
from any further attempts to collect sales tax from the plaintiff
herein. The sales tax was imposed during the year 1950 against the
plaintiff, and no action was taken by the Director of Revenue from
August 1, 1958, until June 29, 1966, a period of seven years, ten
months and twenty-nine days. By reason thereof the plaintiff con-
tends the Director is barred from collection of the tax by the pro-

visions of K. S. A. 60-2403—the dormant judgment statute. The district court of Sedgwick County entered judgment against the plaintiff and appeal has been duly perfected.

The underlying question is whether the Director of Revenue is barred from further attempts to collect sales tax owing by the plaintiff when more than seven years have passed since any attempt was undertaken to collect the tax.

The facts are not in dispute, the same having been admitted by the pleadings and stipulations of the parties.

James H. Riggan (plaintiff-appellant) operated a food market in Great Bend, Kansas, and incurred a sales tax liability of $1,100.88. This resulted in a sales tax warrant filed July 2, 1952, with the clerk of the district court of Sedgwick County, Kansas, where the appellant was then residing.

Thereafter, various garnishments and collections reduced the amount due and owing the state of Kansas to the sum of $629.30. On August 1, 1958, an alias sales tax warrant was filed with the clerk of the district court of Sedgwick County, Kansas, for the collection of this sum. The original of this warrant was returned unsatisfied to the Director of Revenue of the state of Kansas.

Thereafter, no further action of any nature was taken until the 29th day of June, 1966, at which time an alias tax warrant was filed with the clerk of the district court of Sedgwick County—this being a period of seven years, ten months and twenty-nine days after the alias sales tax warrant of August 1, 1958, was filed.

After the 1966 alias tax warrant was filed, the appellant filed a petition in the district court of Sedgwick County, Kansas, praying for an injunction to bar the Director of Revenue of the state of Kansas from the collection of such sales tax on the ground that the original warrant of August 1, 1958, became a judgment, and because no action was taken thereon for a period of more than five years the judgment became dormant by virtue of K. S. A. 60-2403, and so remained for a period of more than two years thereafter, no revivor having been undertaken pursuant to the provisions of K. S. A. 60-2404.

The trial court after hearing the matter denied the injunction, holding that although a period of more than seven years "elapsed without any further action or attempt to collect the sales tax liability, that after a tax warrant has been timely filed, additional tax

warrants may be filed thereafter without any limitation as to time and without any regard to any applicable statute of limitations."

It must generally be conceded the methods of collecting taxes are statutory, and that statutes of limitation do not run against the state unless specifically provided by statute. The rights of a state are not lost through laches, estoppel or inaction of public officials. (*In re Moseley's Estate,* 100 Kan. 495, 164 Pac. 1073; *Kucera v. State,* 160 Kan. 624, 164 P. 2d 115; and *Board of County Commissioners v. Lewis,* 203 Kan. 88, 453 P. 2d 46.)

The issue presented herein must be resolved by a construction of the various statutes touching the subject.

K. S. A. 79-3617 provides in part:

"Whenever any taxpayer liable to pay any sales or compensating tax, refuses or neglects to pay the same, the amount, including any interest or penalty, shall be collected in the following manner: The director of revenue shall issue a warrant under his hand and official seal directed to the sheriff of any county of the state commanding him to levy upon and sell the real and personal property of the taxpayer found within his county to satisfy said tax, including penalty and interest, and the cost of executing the warrant and to return such warrant to the director of revenue and pay to him the money collected by virtue thereof not more than ninety (90) days from the date of the warrant. The sheriff shall, within five (5) days, after the receipt of the warrant file with the clerk of the district court of his county a copy thereof, and thereupon the clerk shall enter in the judgment docket in appropriate columns, the name of the taxpayer mentioned in the warrant, the amount of the tax or portion thereof, interest and penalties for which the warrant is issued and the date such copy is filed. *The amount of such warrant so docketed shall thereupon become a lien upon the title to, and interest in, the real property of the taxpayer against whom it is issued in the same manner, as a judgment duly docketed in the office of such clerk. The sheriff shall proceed in the same manner and with like effect as prescribed by law with respect to executions issued against property upon judgments of a court of record,* and shall be entitled to the same fees for his services.

"The court in which the warrant is docketed shall have jurisdiction over all subsequent proceedings *as fully as though a judgment had been rendered in said court: Provided, however,* . . . If a warrant be returned, unsatisfied in full, the director shall have the same remedies to enforce the claim for taxes *as if the state of Kansas had recovered judgment against the taxpayer* for the amount of the tax. . . . *The director shall have the right at any time after a warrant has been returned unsatisfied, or satisfied only in part, to issue alias warrants until the full amount of said tax is collected:* . . ." (Emphasis added.)

It should be noted the last italicized sentence in 79-3617, *supra,*

above quoted, also appears in K. S. A. 79-3235, which provides for the collection of income tax.

The appellee contends this case necessarily involves an interpretation of the language in the last italicized sentence. It is argued, unless the language in this sentence is interpreted literally, the provision is "null and void and of no force and effect and constitutes a gratuitous and unwarranted legislative pronouncement."

This provision is a distinguishing characteristic of the tax warrant authority vested in the Director of Revenue by the Kansas legislature with respect to the collection of sales tax and income tax, and it is in direct contrast to the tax warrant provision contained in K. S. A. 79-2101 which establishes the procedure for the collection of unpaid personal property taxes, vesting the authority for the issuance of tax warrants for the collection of personal property taxes in the county treasurer of the several counties.

The material portions of 79-2101, *supra*, pertaining to the collection of unpaid personal property taxes, read as follows:

"The sheriff as soon as he shall collect the tax warrant shall make a return thereof and shall make a return of all tax warrants delivered to him on or before the first day of October of the year following the year in which said tax was levied. If the warrant so returned shall show that the tax has been collected, the sheriff shall pay the same to the county treasurer; but if such return shall show that such tax has not been collected, then the county treasurer shall file with the clerk of the district court of his county an abstract of the total amount of unpaid taxes and interest due plus penalties and costs, accompanied by the last tax warrant, and said clerk shall enter the total amount thereof *on his judgment docket,* and said total amount, together with interest thereon at the rate of ten percent ( 10% ) per annum from the date of filing thereof, until paid, *shall become a judgment in the same manner and to the same extent as any other judgment under the code of civil procedure and shall become a lien on real estate from and after the time of the filing thereof.* . . .

". . . If execution shall not be sued out within five (5) years from the date of the entry of any such judgment, or if five (5) years shall have intervened between the date of the last execution issued on such judgment and the time of suing out another writ of execution thereon, such judgment shall become dormant, and shall cease to operate as a lien on the real estate of the delinquent taxpayer. Such dormant judgment may be revived in like manner as dormant judgments under the code of civil procedure." (Emphasis added.)

By comparison K. S. A. 79-3617 and 79-3235 each provides in part:

". . . The director shall have the right *at any time* after a warrant has been returned unsatisfied, or satisfied only in part, to issue alias warrants until the full amount of said tax is collected: . . ." (Emphasis added.)

It is readily apparent that once an abstract of unpaid personal property taxes and interest due plus penalties and costs, together with the last tax warrant, have been filed under 79-2101, *supra*, subsequent proceedings for collection are substantially in accord with the code of civil procedure. It is further apparent the filing of a tax warrant under 79-3617 and 79-3235, *supra*, avails the Director of Revenue of the remedies of the civil code for the collection of unpaid taxes, but is the Director of Revenue limited thereto? This must be determined by a construction of the language above quoted in 79-3617, *supra*, in conjunction with K. S. A. 60-2403, the dormant judgment statute. It provides:

"If execution shall not be sued out within five (5) years from the date of any judgment, *including judgments in favor of the state* or any municipality in the state, *that has been or may hereafter be rendered, in any court of record in this state*, or within five (5) years from the date of any order reviving *such judgment*, or if five (5) years have intervened between the date of the last execution issued on *such judgment* and the time of suing out another writ of execution thereon, *such judgment*, including court costs and fees therein shall become dormant, and shall cease to operate as a lien on the estate of the judgment debtor. When a judgment shall become dormant as herein provided, and shall so remain for a period of two (2) years, it shall be the duty of the clerk of the court to release said judgment of record, and the clerk shall make an entry on the appearance and judgment dockets wherein the judgment appears of record, reciting, 'this judgment including all court costs and fees therewith is barred under provisions of section 60-2403 and is hereby released of record.'" (Emphasis added.)

The appellant relies upon the language, "including judgments in favor of the state," in 60-2403, *supra*, for the proposition that all judgments in favor of the state are encompassed within its provisions.

Both parties rely upon *State v. Gamble*, 164 Kan. 288, 188 P. 2d 935, to support their respective positions. The *Gamble* case involved the construction of G. S. 1945 Supp., 79-2101, pertaining to the collection of personal property taxes. A review of *Gamble* will not be undertaken herein, but further discussion will proceed on the assumption the reader has familiarized himself with the case.

The appellant concedes 79-3617, *supra*, providing for the collection of sales tax, is worded somewhat differently from 79-2101, *supra*, pertaining to the collection of personal property taxes by the county treasurer, but relies on *Gamble* for the proposition that when the sheriff files the tax warrant with the clerk of the district court who enters it on the judgment docket, the procedure thereafter is

the same as if *a judgment had been entered in the district court.* In *Kucera v. State,* supra, it was said the entry of the tax warrant on the judgment docket for delinquent personal property taxes was intended by the legislature to have the characteristics and attributes of a judgment—to have the same force as a judgment. By analogy it is argued once the sales tax warrant is filed with the clerk of the district court who enters it on the judgment docket, it becomes *a judgment in favor of the state* and is clearly governed by the language of 60-2403, *supra.* The appellant further takes comfort from 79-3617, *supra,* which authorizes the issuance of alias warrants once a warrant is returned unsatisfied. He argues it is identical to the provisions relating to the collection of personal property taxes and the provision for alias tax warrants as indicated in K. S. A. 79-2101 and 79-2104.

The appellant also calls our attention to the language in K. S. A. 79-3235, with reference to the collection of income tax, wherein the Director of Revenue is given the right *at any time* after a warrant is returned unsatisfied, or satisfied only in part, to issue alias warrants until the full amount of the tax is collected. He argues this language completely ignores the provisions of K. S. A. 1968 Supp. 79-3230 (*a*) placing a specific limitation on the collection of income taxes to a four-year period after a return is filed or tax paid, as well as ignoring K. S. A. 60-2403 on judgments.

Admittedly, the question before us is close, and the court has divided on the decision. Legislation is needed to clarify the situation relative to the collection of unpaid sales or compensating tax and income tax. The majority of the members of the court, however, think the legislature did not intend to impose a limitation period upon the state for the collection of unpaid sales or compensating tax, thus giving a literal interpretation to the language in 79-3617, *supra,* authorizing the issuance of an alias warrant *at any time* after a warrant is returned unsatisfied, or satisfied only in part.

The following reasons are assigned for the court's decision:

(1) The legislature has established one procedure for counties to collect unpaid personal property taxes (79-2101 and 79-2104, *supra*) and a wholly distinguishable procedure for the Director of Revenue to collect unpaid sales or compensating tax. (79-3617, *supra.*)

(2) Contrary to the appellant's assertion 79-2104, *supra,* omits the expression "at any time" in the proviso authorizing the issuance

of alias tax warrants after a warrant has been returned unsatisfied relative to unpaid personal property taxes.

(3) K. S. A. 60-2403, the dormant judgment statute in the code of civil procedure speaks of "any judgment, . . . that has been or may hereafter be *rendered, in any court of record in this state."* (Emphasis added.) This includes "judgments in favor of the state" *rendered in any court of record.* Prior decisions holding that the filing of a tax warrant for unpaid personal property taxes has the characteristics and attributes of a judgment, and the same force as a judgment, nevertheless, do not fulfill the requirement that the judgment be "rendered" in a court of record. Thus, by the peculiar language employed in 60-2403, it has no application to a tax warrant for unpaid sales tax filed with the clerk who dockets it on the judgment docket of the district court.

(4) The procedure outlined in 79-3235, *supra,* providing for the issuance of tax warrants to collect unpaid income tax liabilities, was initially adopted by reference in 79-3617, *supra.* (See L. 1937, ch. 374, § 17.) Thereafter, subsequent to the enactment in 1945 of the language in 79-2101, *supra,* upon which the appellant relies so heavily, the legislature in 1953 adopted the present form of 79-3617, *supra,* and again employed the language "at any time." (See L. 1945, ch. 360, § 2; and L. 1953, ch. 448, § 1.) In the light of the sequence of these legislative enactments, had the legislature intended to employ the language of the personal property tax dormant judgment provision, 79-2101, *supra,* in 79-3617, *supra,* it would have been a simple matter to do so.

(5) In evaluating the legislative intent herein the liability the appellant seeks to avoid paying represents money which he, as a registered retailer under the Kansas Retailers' Sales Tax Act (K. S. A. 79-3601, *et seq.*) collected or was required to collect from his customers and remit to the state. In other words, this was state money, and why should the legislature impose a limitation period on the state in collecting such tax?

The conclusion to be drawn, that there exists one procedure for the collection of unpaid personal property taxes and another for the collection of sales or compensating tax, is entirely harmonious with the court's statement in *Sherman County Comm'rs v. Alden,* 158 Kan. 487, 148 P. 2d 509, where it said:

"In the first place, the methods prescribed for the recovery of delinquent taxes are wholly statutory, no methods exist apart from the statute, and what-

ever procedures, whatever remedies are available are to be found in the tax statutes. . . ." (p. 492.)

The judgment of the lower court is affirmed.

SCHROEDER, J., dissenting: In my opinion the dormant judgment statute (K. S. A. 60-2403) applies and limits the time within which the Director of Revenue may effect collection on unpaid sales or compensating tax.

The legislature has given no clear expression on the subject. K. S. A. 79-3617 and 79-3235 both provide in part:

". . . The director shall have the right *at any time* after a warrant has been returned unsatisfied, or satisfied only in part, to issue alias warrants until the full amount of said tax is collected: . . ." (Emphasis added.)

The loose expression "at any time" used therein has entirely different connotations, in view of the court's decision, depending on which statute is being applied. Under 79-3235, *supra,* relative to collection of unpaid income taxes, it could hardly be said to remove the limitation period of four years imposed by K. S. A. 79-3230 (*a*). In fact, this expression has had no significance beyond the limitation period imposed by 79-3230 (*a*), *supra,* since its inception in 1933 when the Kansas income tax law was first enacted. (See L. 1933, ch. 320, §§ 30 and 35.)

It follows the expression "at any time" gained no additional stature or significance in the subsequent adoption of this language from the income tax act (K. S. A. 79-3235) by reference in 1937 when the Kansas Retailers' Sales Tax Act was adopted. (See L. 1937, ch. 374, § 17.) Subsequent enactments of the legislature do not alter the situation. The expression "at any time" used in this statute never had the meaning the court attaches to it throughout its legislative history.

It is a mere play on words and hypertechnical to say under 60-2403, *supra,* that judgments "rendered" in a court of record in this state do not include a judgment entered by virtue of the entry of a tax warrant on the judgment docket for unpaid sales tax. Prior decisions have held the language employed in K. S. A. 79-2101 makes the procedure after the filing of a tax warrant with the clerk who enters it on the judgment docket *the same as if a judgment had been entered in the district court.* (*State v. Gamble,* 164 Kan. 288, 188 P. 2d 935.)

It has been said the entry of the tax warrant on the judgment docket for delinquent personal property taxes was intended by

the legislature to have the characteristics and attributes of a judgment—*to have the same force as a judgment.* (*Kucera v. State,* 160 Kan. 624, 164 P. 2d 115.)

Language similar to that used in K. S. A. 79-2101, concerning the force and effect of filing a tax warrant with the clerk who enters it on the judgment docket in the district court, is used in 79-3617, *supra,* and no reason exists why a different construction should be placed on the language used in 79-3617. Thus, the entry of a tax warrant on the judgment docket for unpaid sales tax was intended by the legislature to invoke the same procedure as if a judgment had been *entered* in the district court. To say a judgment *entered* in the district court is different from a judgment *rendered* is simply to quibble with the prior decisions of this court. There is no sound basis for distinction.

In my opinion the provisions of 60-2403, *supra,* apply to judgments entered in favor of the state, and this includes judgments arising from the entry of a tax warrant for unpaid sales tax on the judgment docket of the district court in favor of the Director of Revenue of the state of Kansas. In my opinion 60-2403, *supra,* fully controls the decision in this case.

It is respectfully submitted the judgment of the trial court should be reversed.

FATZER and FROMME, JJ., join in the foregoing dissent.