(760 P.2d 1227)

No. 62,065

DIRECTOR OF PROPERTY VALUATION, DIVISION OF PROPERTY VALUATION OF THE DEPARTMENT OF REVENUE, *Appellant*, v. GOLDEN PLAINS EXPRESS, INC., *Appellee*.

Opinion filed September 9, 1988.

*William E. Waters*, of Kansas Department of Revenue, of Topeka, for appellant.

*W. Boyd Evans*, of Wichita, for appellee.

Before ELLIOTT, P.J., BRAZIL, J., and NELSON E. TOBUREN, District Judge, assigned.

ELLIOTT, P.J.: The Director of Property Valuation, Department of Revenue, (Director) appeals the trial court's order barring the collection of a motor carrier tax warrant entered against Golden Plains Express, Inc., (Golden Plains) as being time barred by K.S.A. 1987 Supp. 60-2403, the dormant judgment statute.

In June 1980, the Director filed a tax warrant against Golden Plains for delinquent motor carrier taxes; the warrant was filed in district court pursuant to K.S.A. 79-6a11. In January 1988, more than seven years later, Golden Plains requested the district court to declare the judgment dormant and uncollectible. The trial court granted the motion, invalidating the lien and tax warrant.

In general, statutes of limitation do not run against the State unless specifically provided by statute. *Riggan v. Director of Revenue*, 203 Kan. 129, Syl. ¶ 1, 453 P.2d 52 (1969). The dormant

judgment statute, K.S.A. 1987 Supp. 60-2403, is a statute of limitations.

In the present case, the Director argues that K.S.A. 79-6a11 contains no indication of a legislative intent that a statute of limitations run against the State and that K.S.A. 79-6a15 is not specific enough to trigger application of the dormant judgment statute. We disagree and accordingly affirm.

The Director's heavy reliance on *Riggan* is misplaced. *Riggan* involved a sales tax warrant filed with a district court under what is now K.S.A. 79-3617. More than seven years later, a second sales tax warrant was issued. The court held the second warrant was not barred by 60-2403. The court reasoned that the filing of the tax warrant does not amount to a judgment *rendered* by a court of record. 203 Kan. at 135. Further, 79-3617 granted the Director the right to file a second or "alias" warrant "at any time." 203 Kan. at 134-35. This additional right, held the *Riggan* court, expressed the legislature's intent that the Director's rights were not limited by 60-2403. 203 Kan. at 134-35.

In contrast, the motor carrier statute, K.S.A. 79-6a11, does not grant the Director the expansive right to issue alias warrants "at any time." Further, K.S.A. 79-6a11 cannot be read in isolation. Legislative intent is to be determined from a consideration of the entire act, and effect must be given, if possible, to the entire act and every part thereof. *Harris Enterprises, Inc. v. Moore*, 241 Kan. 59, 734 P.2d 1083 (1987).

K.S.A. 79-6a13 grants authority for the Director to remove any account from the receivables file which is determined to be uncollectible under the provisions of K.S.A. 79-6a15. K.S.A. 79-6a15(b) provides for the abatement of motor carrier tax liabilities where collection "is barred by a statute of limitations."

The sales tax statute involved in *Riggan* did not contain such a provision. Simply put, the inclusion of K.S.A. 79-6a15(b) indicates that the legislature intended a period of limitations to apply in the motor carrier tax warrant area.

The Director argues that the legislature's failure to include more specific dormant judgment language in the motor carrier statute, such as found in the personal property tax area (K.S.A. 1987 Supp. 79-2101), is a clear sign that the legislature did not intend for the dormant judgment statute to apply to the instant situation. But, of equal logic is the statement that the legislature

would not need to amend K.S.A. 79-6a11 if it felt K.S.A. 79-6a15(b) accomplished the same result.

Reading the motor carrier tax statutes together, the legislature intended that a statute of limitations act to abate stale tax warrants. It seems to us that K.S.A. 79-6a15 is adequately specific to trigger application of the dormant judgment statute to the facts here presented.

The judgment is affirmed.