(841 P.2d 462)

No. 67,916

DIRECTOR OF TAXATION, DEPARTMENT OF REVENUE, STATE OF
KANSAS, *Appellee,* v. JAMES K. MCNABB, *Appellant,* and FARM-
ERS & MERCHANTS BANK, MOUND CITY, KANSAS, *Defendant.*

Opinion filed
November 13, 1992.

*James L. Wisler,* of James L. Wisler, P.A., of Lawrence, for appellant.

*D. Philip Wilkes,* of Kansas Department of Revenue, for appellee.

Before RULON, P.J., ELLIOTT, J., and E. NEWTON VICKERS, Dis-
trict Judge Retired, assigned.

VICKERS, J.: This is an appeal by James K. McNabb from an
order of the Linn County District Court denying his motion for
discharge of an order of garnishment.

The central issue on appeal is whether the director of taxation,
after issuing a tax warrant, has the right to garnish the bank
account of a defendant prior to the tax warrant being returned
unsatisfied. This issue has not to date been considered by an
appellate court in Kansas.

The facts underlying this dispute are as follows.

On January 11, 1991, the Kansas Department of Revenue,
(KDR) mailed James K. McNabb a notice of assessment of tax
upon marijuana and controlled substances. The letter informed
McNabb that he could request a hearing before the director of
taxation but that failure to immediately pay the assessment would
result in a tax warrant being issued to the sheriff directing him
to seize and sell property to satisfy the assessment.

McNabb, through his attorney, filed a timely request for a hearing before the director of taxation but did not pay the tax.

On November 5, 1991, KDR filed a tax warrant in Linn County instructing the sheriff to levy upon and sell goods and chattels of McNabb. Attached to the warrant was a memorandum addressed to the sheriff asking him to file the warrant, but not to execute on it. KDR subsequently filed three requests for orders of garnishment against two banks and an insurance company, seeking payment of the assessment and penalties.

McNabb then filed an answer and motion to discharge the orders of garnishment. The court denied McNabb's motion, issued an order directing the Farmers & Merchants Bank of Mound City to pay monies into court, and ordered the two remaining garnishees released from the orders of garnishment.

McNabb filed this appeal from the district court's decision.

In considering this matter, the court must first examine the language of the statutes involved.

K.S.A. 1991 Supp. 79-5205 reads in relevant part:

"(a) An assessment for a dealer not possessing stamps or other official indicia showing that the tax has been paid shall be considered a jeopardy assessment. The director of taxation shall assess a tax based on personal knowledge or information available to the director of taxation; . . . demand its immediate payment; and, if payment is not immediately made, collect the tax, penalties *and interest* in any manner provided in article 32 of chapter 79 of the Kansas Statutes Annotated."

Article 32 of Chapter 79 is the codification of the Kansas Income Tax Act. K.S.A. 79-3201. K.S.A. 79-3235 delineates the procedures for collection of delinquent taxes.

McNabb argues that the plain language of the statute indicates that until the tax warrant is returned unsatisfied in full, the director has no right to garnishment. His argument is supported by the language of K.S.A. 79-3235, which reads:

"If any tax imposed by this act or any portion of such tax is not paid within 60 days after it becomes due, the secretary or the secretary's designee shall issue a warrant under the secretary's or the secretary's designee's hand . . . directed to the sheriff . . . commanding the sheriff to levy upon and sell the real and personal property of the taxpayer found within the sheriff's county . . . .

". . . If a warrant is returned, unsatisfied in full, the secretary or the secretary's designee shall have the same remedies to enforce the claim for

taxes as if the state of Kansas had recovered judgment against the taxpayer for the amount of the tax."

KDR agrees that K.S.A. 79-3235 is the only statute within article 32 which contains procedures for collecting a drug tax but argues that, pursuant to KDR's interpretation, the statute gives the agency the right to proceed with garnishment prior to the warrant being returned unsatisfied. We disagree.

The flaw in KDR's argument is that the statute specifically states that the Secretary or his designee have all the remedies available to a judgment creditor *if the warrant is returned unsatisfied*. It is clear KDR did not follow the procedures outlined in the statute. Until the sheriff tried to execute the warrant, it could not be returned unsatisfied, and the Secretary's designee never reached the status of a judgment creditor and, therefore, could not garnish McNabb's bank accounts or life insurance policies. To adopt KDR's interpretation would render that sentence in the statute superfluous.

" 'There is a presumption that the legislature does not intend to enact useless or meaningless legislation.' " *Todd v. Kelly*, 251 Kan. 512, 515, 837 P.2d 381 (1992). " 'Where a statute is clear and unambiguous, the court must give effect to the legislative intent therein expressed rather than make a determination of what the law should or should not be.' " *In re Mary P.*, 237 Kan. 456, 459, 701 P.2d 681 (1985).

"The methods prescribed for the recovery of delinquent taxes are wholly statutory, no methods exist apart from the statute, and whatever procedures and remedies are available are to be found in the tax statutes." *Riggan v. Director of Revenue*, 203 Kan. 129, Syl. ¶ 2, 453 P.2d 52 (1969). The language in the statute is clear that the return of the unsatisfied tax warrant is a condition precedent to execution in a manner as if the KDR had obtained a judgment in a state court.

KDR also argues that this court should defer to KDR's interpretation of the statute pursuant to the doctrine of operative construction. The doctrine, however, does not require that we defer to KDR in contravention of the plain language of the statute.

"If . . . the reviewing court finds that the administrative body's interpretation is erroneous as a matter of law, the court should take corrective steps. The determination of an adminis-

trative body as to questions of law is not conclusive and, while persuasive, is not binding on the courts." *State Dept. of SRS v. Public Employee Relations Board*, 249 Kan. 163, 166, 815 P.2d 66 (1991). " 'Interpretation of statutes is a question of law.' " *Todd v. Kelly*, 251 Kan. at 515. " ' "The final construction of a statute rests within the courts." ' " *National Collegiate Realty Corp. v. Board of Johnson County Comm'rs*, 236 Kan. 394, 404, 690 P.2d 1366 (1984). KDR's position is contrary to the plain language of the statute and therefore is not due deference.

Because KDR did not follow the collection procedures as set out in the statute, the garnishment must be set aside. Therefore, the order of the district court denying McNabb's motion to quash the order of garnishment is reversed and the case is remanded with instructions to conduct proceedings consistent with this opinion.

Reversed and remanded.