(844 P.2d 739)
No. 66,924

STATE OF KANSAS, *Appellee*, v. CALVIN W. BROWNING, *Appellant*.

Opinion filed January 8, 1993.

*Lucille Marino*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for the appellant.

*Brad M. Lippert*, assistant county attorney, *Rodney H. Symmonds*, county attorney, and *Robert T. Stephan*, attorney general, for the appellee.

Before BRISCOE, C.J., RON ROGG, District Judge, assigned, and E. NEWTON VICKERS, District Judge Retired, assigned.

ROGG, J.: This is an appeal from a conviction of operating a motor vehicle as a habitual violator under K.S.A. 8-287. The conviction is a class E felony.

The issue in this case is the period of time a person's status as a habitual violator continues for purposes of 8-287. Does K.S.A. 8-288 provide that a person who has been found to be a habitual violator continues in that status for three years from the date he or she is found to be a habitual violator, or does the habitual violator status continue until the court restores the person's driving privileges?

Browning was declared a habitual violator on September 9, 1985. Over three years later, on July 25, 1990, Browning was arrested and convicted for driving in violation of 8-287. No petition for restoration of driving privileges had been filed under 8-288(b).

The statutes which are pertinent to this appeal are:

"It shall be unlawful for any person to operate any motor vehicle in this state while any court order declaring such person to be an habitual violator and prohibiting such operation remains in effect. Any person found to be an habitual violator under the provisions of this act who is thereafter con-

victed of operating a motor vehicle in this state, while the order of the court prohibiting such operating is in effect, shall be guilty of a class E felony." K.S.A. 8-287.

"(a) No license to operate a motor vehicle in Kansas shall be issued to a convicted habitual violator:

(1) For a period of three years from the date of the order of the court finding the person to be a habitual violator; and

(2) until the privilege of the person to operate a motor vehicle has been restored.

"(b) At the expiration of three years from the date of any final order of a court finding a person to be a habitual violator and directing the person not to operate a motor vehicle in this state, the person may petition the court in which the person was convicted to have the privilege to operate a motor vehicle in this state restored. Upon such petition and for good cause shown, the court, in its discretion, may restore the privilege and may place restrictions on the privilege as provided by K.S.A. 8-292, subject to other provisions of law relating to the issuance of drivers' licenses." K.S.A. 8-288.

"When a statute is plain and unambiguous the court must give effect to the intention of the legislature as expressed." *Randall v. Seemann,* 228 Kan. 395, Syl. ¶ 1, 613 P.2d 1376 (1980). "Legislative intent is to be determined from a consideration of the entire act, and effect must be given, if possible, to the entire act and every part thereof." *Director of Property Valuation v. Golden Plains Express, Inc.,* 13 Kan. App. 2d 48, 49, 760 P.2d 1227 (1988).

A plain reading of the habitual violators act, K.S.A. 8-284 *et seq.,* reveals no language or intent to place a maximum time limitation on a court order declaring a person a habitual violator. If the legislature had intended to place a three-year limit on 8-287, it could have simply stated it shall be unlawful for any person to operate any motor vehicle in this state "for three years" instead of "while any court order declaring such person to be an habitual violator and prohibiting such operation remains in effect." The act is not ambiguous. The language chosen by the legislature indicates an awareness that the time might well extend beyond the statutory three-year minimum set in 8-288, whether for lack of petition, for lack of good cause, or in the court's discretion.

The legislative intent of 8-288 would be defeated if we construed the conjunctive "and" between 8-288(a)(1) and (2) to mean that habitual violator status is automatically removed after the

passage of three years. Such a construction would make 8-288(b) meaningless and the requirement of petitioning for restoration would have no effect.

Under 8-288, a judicial determination that a person is a habitual violator remains in effect until a court, in its discretion and upon the filing of a petition and a showing of good cause, restores that person's driving privileges. For purposes of 8-287, the phrase "while any court order declaring such person to be an habitual violator and prohibiting such operation remains in effect," means until a court grants that person's petition under 8-288(b).

Affirmed.