(781 P.2d 1113)

No. 63,433

STATE OF KANSAS, *Appellant*, v. EDWARD J. KRISTEK, *Appellee*.

—

Opinion filed November 9, 1989.

*Mona Furst*, assistant district attorney, *Nola Foulston*, district attorney, and *Robert T. Stephan*, attorney general, for the appellant.

No appearance by appellee.

Before ABBOTT, C.J., DAVIS, J., and JOHN E. SANDERS, District Judge, assigned.

ABBOTT, C.J.: This is an interlocutory appeal by the State from the suppression of the results of the defendant's breath alcohol test.

The defendant moved to suppress the results of the breath alcohol test, claiming he had twice requested an independent blood alcohol test and the officer refused his requests. The arresting officer testified that defendant did not request an independent blood alcohol test. Obviously, the trial court could have ruled either way on the motion to suppress and the record would contain substantial competent evidence to support the ruling.

The problem, as we see it, is that the trial court's suppression order is not based on the testimony of the two witnesses. The trial court placed a duty on the officer that the law does not require and then suppressed the evidence for failure to carry out that duty. The trial court's reasoning is:

"Once defendant is arrested and his freedom constrained, he has no way of making a written record of what occurs thereafter. Therefore, it places a duty upon the law enforcement officer to make a written record for the defendant. In particular, the State should affirmatively ask the defendant if

he desires an independent alcohol analysis and then make a written record of his answer."

The specific statute at issue in this case is K.S.A. 1988 Supp. 8-1004, which provides:

"Without limiting or affecting the provisions of K.S.A. 8-1001 and amendments thereto, the person tested shall have a reasonable opportunity to have an additional test by a physician of the person's own choosing. In case the officer refuses to permit such additional testing, the testing administered pursuant to K.S.A. 8-1001 and amendments thereto shall not be competent in evidence."

K.S.A. 1988 Supp. 8-1001 sets forth the notices that a person charged with DUI must receive prior to taking a breath test. It provides, in part:

"Before a test or tests are administered under this section, the person shall be given oral and written notice that . . . after the completion of the testing, the person has the right to consult with an attorney and may secure additional testing, which, if desired, should be done as soon as possible and is customarily available from medical care facilities . . . ." K.S.A. 1988 Supp. 8-1001(f)(1).

Compliance with the notice requirements is mandatory. *Barnhart v. Kansas Dept. of Revenue*, 243 Kan. 209, 212-13, 755 P.2d 1337 (1988).

A DUI suspect's statutory right to an additional test has been acknowledged previously, where this court stated:

"While the State is not required to provide a DUI suspect with a free additional test, it may not unreasonably interfere with a suspect's reasonable attempts to secure an additional test, at his own expense, by a physician of his own choosing, for the purpose of attempting to secure evidence for his defense at or near the crucial time under consideration." *State v. George*, 12 Kan. App. 2d 649, 655, 754 P.2d 460 (1988).

There are no cases which address the issue presented here. Thus, the statute must be interpreted under the following rules. "The fundamental rule of statutory construction is that the intent of the legislature governs. [Citation omitted.] When construing a statute, a court should give words in common usage their natural and ordinary meaning. [Citation omitted.]" *Hill v. Hill*, 13 Kan. App. 2d 107, 108, 763 P.2d 640 (1988). "Legislative intent is to be determined from a consideration of the entire act, and effect must be given if possible, to the entire act and every part thereof. [Citation omitted.]" *Director of Property Valuation v. Golden*

*Plains Express, Inc.*, 13 Kan. App. 2d 48, 49, 760 P.2d 1227 (1988).

The State argues that K.S.A. 8-1001 *et seq.* is unambiguous, containing no statutory requirement that the officer ask the defendant if he wants an independent test and then record the defendant's answer. The State relies on *Barnhart v. Kansas Dept. of Revenue*, 243 Kan. 209, for the proposition that the implied consent statute is "clear and unambiguous in its meaning, with no need to read meaning into the legislative intent which is not present on the face of the statute."

The State's argument has merit, although it cites *Barnhart* for a proposition that is broader than its actual holding. The issue before the court in *Barnhart* was whether the notice requirements under 8-1001 were directory or mandatory. The court held that the notice was mandatory, because the statute repeatedly contained the word "shall."

K.S.A. 1988 Supp. 8-1004 begins: "Without *limiting* or *affecting* the provisions of K.S.A. 8-1001 and amendments thereto . . . ." (Emphasis supplied.) *Barnhart* discussed 8-1001 and stated:

"The statute in question clearly requires that certain procedures shall be followed and certain notices shall be given to a defendant arrested for driving under the influence. K.S.A. 1985 Supp. 8-1001(f) was enacted as part of a comprehensive revision of the statutes pertaining to driving under the influence of alcohol or drugs." *Barnhart*, 243 Kan. at 212.

Since these procedures are specific and were enacted as part of a comprehensive revision, it may be assumed that the legislature included all the requirements which they intended to impose on law enforcement officers.

Kansas courts have been reluctant in the past to add requirements that are not contained in 8-1001. See *State v. Young*, 228 Kan. 355, 360, 614 P.2d 441 (1980); *Hazlett v. Motor Vehicle Department*, 195 Kan. 439, 443, 407 P.2d 551 (1965); *City of Shawnee v. Gruss*, 2 Kan. App. 2d 131, 134, 576 P.2d 239, *rev. denied* 225 Kan. 843 (1978). These three cases construed an earlier version of 8-1001, which did not contain the notice requirements in the current version of the statute. In particular, the old statute did not contain a requirement that the arresting officer advise the suspect of his right to an additional, independent test, although the suspect had a right to a test under 8-1004. In *Hazlett*

*v. Motor Vehicle Department,* 195 Kan. 439, the court declined to require an arresting officer to inform the defendant of the consequences of refusal to take the blood alcohol test. The court stated, at 443: "There is no authority cited nor persuasive reasoning stated by counsel for appellee, by which we would be constrained to write something into the statute not included by the legislature." This reasoning was followed in *Gruss* and *Young,* where the courts refused to require that notice be given to the defendant of his right to an independent test.

K.S.A. 8-1001 *et seq.* contains no requirement that the officer make a written record of whether the defendant requests an independent test. The officer fulfilled all of the statutory requirements. The legislature has authority to make additional requirements if it desires. The court, absent a constitutional reason, does not have authority to impose an additional requirement as the trial court did here. For a similar holding, see *Snelling v. State,* 176 Ga. App. 192, 335 S.E.2d 475 (1985).

This does not mean the trial court cannot suppress the results of the defendant's breath alcohol test on rehearing. The trial court created and used an erroneous requirement. On remand, the trial court must consider all the facts surrounding the breath alcohol test in determining whether the accused was advised of his right to secure additional testing using existing rules of evidence and statutory duties imposed by the legislature.

Reversed and remanded.