(912 P.2d 757)

No. 74,887

STATE OF KANSAS, *Appellee,* v. DOUGLAS LEE COUNSELLER, *Appellant.*

Opinion filed March 15, 1996.

*Anthony W. Mattivi,* assistant district attorney, *Joan M. Hamilton,* district attorney, and *Carla J. Stovall,* attorney general, for appellant.

*Patrick R. Nichols,* of Topeka, for appellee.

Before KNUDSON, P.J., RULON, J., and CARLOS MURGUIA, District Judge, assigned.

KNUDSON, J.: The State brings this interlocutory appeal from the district court's ruling suppressing evidence from a breath test administered to the defendant, Douglas Counseller.

Deputy John Schrock arrested Douglas Counseller for reckless driving and transported him to the Shawnee County Sheriff's Department. Schrock smelled liquor on Counseller's breath and requested that he submit to a breath test to determine the presence of alcohol. Counseller was provided a copy of the implied consent advisory pursuant to K.S.A. 1995 Supp. 8-1001(f)(1). He gave consent, and a breathalyzer test was then administered that produced a test result of .197. Counseller was subsequently charged with the additional offense of driving under the influence of alcohol contrary to K.S.A. 1995 Supp. 8-1567.

After hearing arguments at a hearing to suppress the evidence and reviewing submissions, the district court ordered suppression of the breath test. The court reasoned that the implied consent statute is constitutional under the Fourth Amendment because arrest for an alcohol-related offense establishes probable cause. The court relied on a portion of the syllabus in *State v. Brunner*, 211 Kan. 596, Syl. ¶ 9, 507 P.2d 233 (1973), which stated: "Under K.S.A. [1995] Supp. 8-1001 refusal to submit to a blood test leads to a possible suspension of one's driver's license only when a driver is arrested or otherwise taken into custody for an offense involving the operation of a motor vehicle while under the influence of intoxicating liquor." Since Schrock did not arrest Counseller for a traffic offense related to the influence of intoxicants, the court reasoned that the implied consent advisory given to Counseller was coercive and not valid.

The issue on appeal is whether the trial court correctly construed K.S.A. 1995 Supp. 8-1001(b)(1). We conclude that the district court erred and the appeal should be sustained.

"When reviewing a trial court's suppression of evidence, the appellate courts normally give great deference to the factual findings of the trial court. The ultimate determination of the trial court's suppression of evidence is a legal question requiring independent appellate determination." *State v. Vandiver*, 257 Kan. 53, Syl. ¶ 6, 891 P.2d 350 (1995).

In this litigation, the parties are in general agreement regarding the facts. The issue is: What is the correct interpretation of K.S.A. 1995 Supp. 8-1001? Interpretation of a statute is a question of law.

"When determining a question of law, this court is not bound by the decision of the district court." *Memorial Hospital Ass'n, Inc. v. Knutson*, 239 Kan. 663, 668, 722 P.2d 1093 (1986).

Before addressing the statutory interpretation issue, we consider Counseller's argument that K.S.A. 1995 Supp. 8-1001 must be strictly construed and any ambiguity resolved against the interests of the State. This contention ignores subsection (i), which states: "This act is remedial law and shall be liberally construed to promote public health, safety and welfare." Remedial legislation requires liberal construction. *Smith v. Marshall*, 225 Kan. 70, 75, 587 P.2d 320 (1978).

We now turn to construction of K.S.A. 1995 Supp. 8-1001, which states:

"(a) Any person who operates or attempts to operate a vehicle within this state is deemed to have given consent, subject to the provisions of this act, to submit to one or more tests of the person's blood, breath, urine or other bodily substance to determine the presence of alcohol or drugs. The testing deemed consented to herein shall include all quantitative and qualitative tests for alcohol and drugs. . . .

"(b) A law enforcement officer shall request a person to submit to a test or tests deemed consented to under subsection (a) if the officer has reasonable grounds to believe the person was operating or attempting to operate a vehicle while under the influence of alcohol or drugs, or both. . . . and one or more of the following conditions exists: (1) *The person has been arrested or otherwise taken into custody for any offense involving operation or attempted operation of a vehicle while under the influence of alcohol or drugs, or both* . . . . or (2) the person has been involved in a vehicle accident or collision resulting in property damage, personal injury or death . . . ." (Emphasis added.)

The State appears to argue that K.S.A. 1995 Supp. 8-1001(b) does not preclude a police officer from requesting a test so long as circumstances under subparagraph (a) of the statute exist. In other words, the State argues subparagraph (b) is a mandatory directive to law enforcement officers that really has nothing to do with the implementation of the implied consent law under a myriad of other circumstances. Such a construction of the statute is not only inconsistent with statutory language, it also would be violative of the Fourth Amendment prohibition against unreasonable searches and

seizures. See *Schmerber v. California,* 384 U.S. 757, 16 L. Ed. 2d 908, 86 S. Ct. 1826 (1966). However, this does not end our analysis.

In its ruling, the district court relied upon *State v. Brunner,* 211 Kan. 596. We conclude that the district court's reliance upon *Brunner* was misplaced. In *Brunner,* the defendant was not under arrest or otherwise in custody when requested by a highway patrol trooper to submit to a blood test under 8-1001.

When Brunner asked the trooper what would happen if he refused to take the test, he was told his license to drive would be suspended. The court stated:

> "The result here is that Brunner's purported consent must be regarded as involuntary because coerced by the unfounded threat of suspension. The search (*i.e.,* the blood test) must therefore be tested constitutionally as a warrantless search of the person made without consent. Constitutionally it would be valid under *Schmerber* only if incidental to a valid arrest. Since there was no arrest *at all,* the search and its fruits must fall under the Fourth Amendment axe." (Emphasis added.) 211 Kan. at 605.

Our reading of *Brunner* does not persuade us that the prior arrest required under K.S.A. 1995 Supp. 8-1001 must be for a per se alcohol or drug offense.

In our opinion, 8-1001 recognizes the constitutional principles in *Schmerber* but further provides that a person may refuse a law enforcement officer's request that the test be taken, albeit subject to the possible suspension of one driver's privileges. The language of the statute does not support the construction given it by the district court. Subsection (b)(1) of the statute requires that before a test is requested two conditions must be met: (a) an arrest arising out of the operation of a vehicle for any offense in violation of a state statute or a city ordinance and (b) reasonable grounds to believe the driver was under the influence. The district court's interpretation of "[t]he person has been arrested . . . for any offense involving operation . . . of a vehicle while under the influence," would render wholly redundant the requirement that the "officer has reasonable grounds to believe the person was operating a vehicle while under the influence of alcohol." K.S.A. 1995 Supp. 8-1001(b)(1). While "reasonable grounds" is synonymous in meaning with "probable cause," (see *Angle v. Kansas Dept. of Revenue,*

12 Kan. App. 2d 756, 766-67, 758 P.2d 226 [1988], *rev. denied* 243 Kan. 777 [1988]), one may have reasonable grounds to believe that a person was operating a vehicle under the influence but not have the probable cause required to arrest under K.S.A. 1995 Supp. 8-1001(b)(1). An arresting officer may formulate reasonable grounds sufficient to request a test under the statute before or after arrest and, under K.S.A. 1995 Supp. 8-1001(b)(2), without any arrest whatsoever.

Additionally, the phrase *"any offense* involving operation . . . of a vehicle while under the influence of alcohol" in K.S.A. 1995 Supp. 8-1001(b)(1) makes clear that the statute's reach is not limited to motorists arrested for a per se alcohol or drug offense that would impair one's ability to operate a motor vehicle safely.

On appeal, Counseller contends that such construction of K.S.A. 1995 Supp. 8-1001 is also inconsistent with K.S.A. 1995 Supp. 8-1002(h)(1), which states:

> "If the officer certifies that the person refused the test, the scope of the hearing shall be limited to whether: (A) A law enforcement officer had reasonable grounds to believe the person was operating or attempting to operate a vehicle while under the influence of alcohol or drugs, or both, . . . (B) *the person was in custody or arrested for an alcohol or drug related offense* or was involved in a vehicle accident or collision resulting in property damage, personal injury or death; (C) a law enforcement officer had presented the person with the oral and written notice required by K.S.A. 8-1001, and amendments thereto; and (D) the person refused to submit to and complete a test as requested by a law enforcement officer." (Emphasis added.)

The scope of the hearing under K.S.A. 1995 Supp. 8-1002(h)(2) for a person failing the test is the same as for a person refusing the test.

Counseller assumes from the text of K.S.A. 1995 Supp. 8-1002(h) that "arrested for an alcohol or drug related offense" means an arrest for driving under the influence or some other specific category of criminal statutes. We disagree. We believe the determination as to whether an offense was alcohol or drug related may be made subsequent to an arrest. There is nothing within the

text of the statute that suggests otherwise, and Counseller has been unable to provide any other authority for his assertion.

The State's appeal is sustained, and this case is reversed and remanded to the district court for further proceedings consistent with this opinion.