(996 P.2d 361)

No. 82,708

RICHARD L. ENSLOW, *Appellee,* v. KANSAS DEPARTMENT OF REVENUE, *Appellant.*

—

Opinion filed February 4, 2000.

*James G. Keller*, of the Kansas Department of Revenue, for appellant.

*Richard M. Blackwell*, of Blackwell, Blackwell & Struble, Chtd., of Salina, for appellee.

Before KNUDSON, P.J., ROGG, S.J., and MATTHEW J. DOWD, District Judge, assigned.

KNUDSON, J.: The Kansas Department of Revenue (KDR) appeals the district court's judgment in favor of Richard L. Enslow, whose driving privileges had been suspended after a breath test failure under K.S.A. 8-1001 *et seq*. KDR contends the district court erred in its conclusion that a substitute certification and notice of suspension form (commonly referred to as a DC-27) was null and void.

We reverse the district court and remand this case for the entry of judgment reinstating the suspension order of the KDR.

The underlying facts are not in material dispute. Enslow failed a breath test under K.S.A. 8-1001 *et seq*. Immediately thereafter, the arresting officer personally served Enslow with the DC-27 as

required under K.S.A. 1998 Supp. 8-1002. Shortly after Enslow had been released from custody, the arresting officer realized errors were made in completing the form. Specifically, he failed to complete paragraph 4 of the certification, which indicates whether the licensee failed or refused the test, and he mistakenly entered Enslow's birth date as December 16, 1998, instead of the correct date of December 16, 1957. The arresting officer completed another DC-27 and personally served Enslow at his residence, explaining to him that the first form was not properly completed. The officer destroyed the original DC-27 and forwarded the properly completed DC-27 to the division of vehicles. After exhausting administrative remedies, Enslow made a timely de novo appeal to the district court, pursuant to K.S.A. 1998 Supp. 8-259. At trial, Enslow waived all claims except that the KDR's suspension order was based on an invalid DC-27 which was not served in conformity with K.S.A. 1998 Supp. 8-1002. The district court agreed and entered judgment in favor of Enslow. In its order denying the KDR's motion for reconsideration, the district court stated its findings and conclusions relied upon to support the underlying judgment:

"1. The attempted service upon plaintiff was not in compliance with the statute.

"2. The errors in the original DC-27 were fatal to the effectiveness of the intended action.

"3. The attempted testimony of the defendant is self serving in that the defendant seeks to enforce an admitted second DC-27 when the first DC-27 was destroyed and is not available for evidence.

"4. The first DC-27 would not have been enforced by the defendant if such had been forwarded to the Department of Revenue.

"5. The errors alleged are therefore not procedural, but are fatally defective that the defendant now asserts were correctable by a remedial action.

"6. The Court finds that the statute should be strictly construed against the defendant.

"WHEREFORE, it is hereby ordered, adjudged and decreed that the order previously entered should be reaffirmed and the motion to reconsider should be denied."

Did the district court correctly interpret K.S.A. 1998 Supp. 8-1002? Because interpretation of a statute is a question of law, our review is unlimited. *Hamilton v. State Farm Fire & Cas. Co.*, 263 Kan. 875, 879, 953 P.2d 1027 (1998). However, before considering

this issue, we must first consider whether the rule of strict construction was appropriately applied by the district court.

K.S.A. 1998 Supp. 8-1001(i) states: "This act is remedial law and shall be liberally construed to promote public health, safety and welfare." This rule of liberal construction was specifically acknowledged in *State v. Counseller*, 22 Kan. App. 2d 155, 157, 912 P.2d 757, *rev. denied* 260 Kan. 997 (1996). Clearly the district court erred in concluding K.S.A. 1998 Supp. 8-1002 should be strictly construed.

The DC-27 is a combined certification of: (a) either a test refusal or failure, (b) an implied consent advisory form, and (c) a notice of suspension of driving privileges. The implied consent advisory form is required under K.S.A. 1998 Supp. 8-1001(f)(1) and is not directly implicated in this appeal. Enslow's argument at trial and now on appeal is that the *certification* once completed and served could not be modified and the *notice of suspension* could not be served or re-served at his residence. This argument requires that we consider specific provisions of K.S.A. 1998 Supp. 8-1002.

## Certification

K.S.A. 1998 Supp. 8-1002(a)(2) and (3) state the information that must be included in the law enforcement officer's certification when there is an alcohol or drug test failure. We have already noted the omissions from the original certification. In all other respects, the certification conformed with the statute.

K.S.A. 1998 Supp. 8-1002(b) provides:

"[C]ertification shall be complete upon signing, and no additional acts of oath, affirmation, acknowledgment or proof of execution shall be required. The signed certification or a copy or photostatic reproduction thereof shall be admissible in evidence in all proceedings brought pursuant to this act, and receipt of any such certification, copy or reproduction shall accord the department authority to proceed as set forth herein."

Enslow would have us interpret the above statutory phrase "certification shall be complete upon signing" as preventing a law enforcement officer from correcting errors and omissions in the certificate before sending the DC-27 to the Division of Vehicles. That is not what the statute states, and we do not believe such a con-

struction would be consistent with legislative intent. K.S.A. 1998 Supp. 8-1002(b) was enacted to avoid an argument that additional foundational requirements were necessary before the Division of Vehicles could suspend a licensee's driving privileges. The statute cannot be reasonably interpreted to mean a police officer cannot correct errors or omissions in a DC-27 after service but before receipt by the Division of Vehicles.

Our interpretation is reinforced by K.S.A. 1998 Supp. 8-1002(f), which states:

"Upon receipt of the law enforcement officer's certification, the division shall review the certification to determine that it meets the requirements of subsection (a). Upon so determining, the division shall proceed to suspend the person's driving privileges in accordance with the notice of suspension previously served. If the requirements of subsection (a) are not met, the division shall dismiss the administrative proceeding and return any license surrendered by the person."

Again, there is no indication the legislature intended to preclude correction of a DC-27 before it is sent to the Division of Vehicles.

Enslow's interpretation of K.S.A. 1998 Supp. 8-1002 would require that whenever there is service of an incomplete certification, no corrective action may be taken by the police officer prior to the Division of Vehicles' receipt of the DC-27. Such an interpretation would also mean the Division could not suspend the licensee's driving privileges. We believe Enslow's interpretation to be without legal merit, contrary to the clear language of K.S.A. 1998 Supp. 8-1002, and inconsistent with legislative intent.

For all of the reasons stated above, we conclude the district court erred in concluding it was improper for the officer to prepare a second DC-27 correcting errors and omissions.

## Notice of Suspension

The following procedures are required in K.S.A. 1998 Supp. 8-1002(c):

"When the officer directing administration of the testing determines that a person has refused a test and the criteria of subsection (a)(1) have been met or determines that a person has failed a test and the criteria of subsection (a)(2) have been met, the officer shall serve upon the person notice of suspension of driving privileges pursuant to K.S.A. 8-1014, and amendments thereto. If the determination is made while the person is still in custody, service shall be made in person

by the officer on behalf of the division of vehicles. In cases where a test failure is established by a subsequent analysis of a breath, blood or urine sample, the officer shall serve notice of such suspension in person or by another designated officer or by mailing the notice to the person at the address provided at the time of the test."

We do not agree with Enslow's interpretation of K.S.A. 1998 Supp. 8-1002(c). Initially, Enslow was served while in custody; however, we note the statute does not state service must occur while the licensee is in custody; it only requires that service be made in person by the officer. That was done, not once, but twice. We will not read into the statute a requirement not provided for by the legislature. In *State v. Kristek*, 14 Kan. App. 2d 77, 79, 781 P.2d 1113 (1989), the court referred to the notice provisions of K.S.A. 8-1001 and stated: "Since these procedures are specific and were enacted as part of a comprehensive revision, it may be assumed that the legislature included all the requirements which they intended to impose on law enforcement officers."

In *State v. Proffitt*, 261 Kan. 526, 532, 930 P.2d 1059 (1997), the Supreme Court stated: "When a statute is plain and unambiguous, the appellate courts will not speculate as to the legislative intent behind it and will not read such a statute so as to add something not readily found in the statute."

We conclude personal service is the express linchpin of K.S.A. 1998 Supp. 8-1002(c). In *Anderson v. Kansas Dept. of Revenue*, 18 Kan. App. 2d 347, Syl. ¶ 2, 853 P.2d 69, *rev. denied* 253 Kan. 856 (1993), our court noted: "A driver whose driving privileges have been suspended is not required to show prejudice if not personally served in order for the mandatory personal service provisions of K.S.A. 8-1002(c) to be enforced."

This holding in *Anderson* is entirely consistent with the clear and unambiguous language of the statute. Substantial compliance was held insufficient because personal service is expressly required and sets into motion the substantive proceedings to suspend driving privileges. 18 Kan. App. 2d at 349, 355. *Anderson* does not support the argument Enslow makes that would have us require more than the statute requires and make impossible any correction of the DC-27 after service but before mailing to the Division of Vehicles.

The district court also intimated at trial that the officer's destruction of the first DC-27 was improper. We do not agree with the trial court. Enslow had been served with a copy. There was no effort by the officer to conceal what had occurred and Enslow was not prejudiced by the officer's actions.

We conclude the district court erred in its determination that service of the DC-27 upon Enslow at his residence did not comply with K.S.A. 1998 Supp. 8-1002(c).

Reversed and remanded with directions that judgment be entered in favor of the KDR.