(252 P.3d 582)
No. 104,270

MELISSA ANN DeLONG, *Appellant*, v. KANSAS DEPARTMENT OF
REVENUE, *Appellee*.

Opinion filed February 25, 2011.

*Michael S. Holland II*, of Holland and Holland, of Russell, for appellant.

*James G. Keller*, of Kansas Department of Revenue, for appellee.

Before MCANANY, P.J., LEBEN and ATCHESON, JJ.

ATCHESON, J.: Plaintiff Melissa DeLong claims a due process violation as the result of paperwork Defendant Kansas Department of Revenue issued to her between the administrative hearing approving the suspension of her driver's license because she failed a blood-alcohol test and her request for review of that decision in the Barton County District Court. The district court rejected her motion to dismiss the proceedings based on the purported denial of her due process rights and upheld the suspension. DeLong has appealed that ruling. We find her constitutional claim to be factually insupportable and legally vacuous.

Counsel for DeLong has made this same argument for other clients in at least half a dozen other cases that have reached this court. In each case, the panel has rejected the due process claim in an unpublished opinion. *Horn v. Kansas Dept. of Revenue*, No. 103,719, filed November 5, 2010, slip op. at 2; *Flora v. Kansas Dept. of Revenue*, No. 101,930, filed June 4, 2010, slip op. at 2; *McQuade v. Kansas Dept. of Revenue*, No. 102,045, filed June 11, 2010, slip op. at 2; *Miller v. Kansas Dept. of Revenue*, No. 102,044, filed June 18, 2010, slip op. at 2; *Helvey v. Kansas Dept. of Revenue*, No. 102,204, filed June 18, 2010, slip op. at 2; and *Zimmerman v. Kansas Dept. of Revenue*, No. 102,073, filed June 18, 2010, slip op. at 2. We publish this decision not because it breaks new ground or comes to some different result. It doesn't. Instead, we take this opportunity to declare the argument DeLong advances to be wholly and unequivocally meritless in a decision that, unlike the earlier unpublished rulings, carries the full force of precedent. See Rule 7.04(f) (2010 Kan. Ct. R. Annot. 55).

We briefly state the pertinent facts. DeLong was arrested for driving under the influence in mid-2007. During that process, she took a test showing her blood-alcohol level to be .247, far over the legal limit of .080 set in K.S.A. 8-1567. Apart from any prosecution for driving under the influence, a person failing a blood-alcohol test faces administrative suspension of his or her driving privileges. K.S.A. 8-1014(b). In this case, we are concerned with that administrative penalty. The arresting officer provided DeLong with written notice of the failure and of her right to request an administrative hearing before the Department of Revenue suspended her driving privileges. K.S.A. 8-1002. DeLong does not dispute receiving the required notification or its legal sufficiency. She requested an administrative hearing. The hearing took place on November 13, 2007, and the hearing officer found adequate grounds to support the suspension. In the administrative order issued November 21, the hearing officer informed DeLong the suspension would begin 30 days later unless she sought judicial review of that order as provided in K.S.A. 8-1014.

On November 29, 2007, DeLong filed a request for district court review, thereby staying any suspension until the conclusion of the

judicial process—something that has yet to happen. Meanwhile, the Department of Revenue mailed a standard notice to DeLong on December 3, 2007, informing her that her driving privileges would be suspended as of December 21, 2007. After processing DeLong's request for a court hearing, the Department of Revenue mailed out a follow-up notice on December 5, 2007, informing her that her request for judicial review had been received and that her driving privileges would continue until a final court ruling. Again, DeLong does not dispute she received all of that paperwork.

Under K.S.A. 8-1020, a person is entitled to a de novo trial in the district court on the legal sufficiency of the proposed administrative suspension of his or her driving privileges. Rather than proceed with a full-blown trial, DeLong filed a motion to dismiss the proceedings in her favor because the December 3 notification from the Department of Revenue of the impending suspension purportedly violated her constitutional right to due process. After receiving briefs and hearing argument on the motion, the district court denied DeLong's due process claim and otherwise found her suspension to be proper. She has appealed that decision to us. As a result, the judicial process has not yet finally disposed of DeLong's requested review, and she continues to enjoy driving privileges more than 3 years after her arrest.

The facts are undisputed. The due process argument presents a question of law. Our review, therefore, is plenary. *Hemphill v. Kansas Dept. of Revenue*, 270 Kan. 83, 89, 11 P.3d 1165 (2000).

The Due Process Clause of the Fourteenth Amendment to the United States Constitution requires that a person be afforded a right to be heard in a meaningful way before being deprived of "life, liberty, or property." U.S. Const. amend. XIV, § 1; *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976) ("The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" [Citation omitted.]); *Mullane v. Central Hanover Tr. Co.*, 339 U.S. 306, 313, 70 S. Ct. 652, 94 L. Ed. 2d 865 (1950) (The Due Process Clause "at a minimum" requires that "deprivation of life, liberty, or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the

case."). The Kansas courts similarly define due process rights. *State v. King*, 288 Kan. 333, 354, 204 P.3d 585 (2009); *Kempke v. Kansas Dept. of Revenue*, 281 Kan. 770, 776, 133 P.3d 104 (2006).

The Kansas Supreme Court has recognized that a driver's license entails a sufficiently substantial interest to require some measure of due process—a forum in which to be heard by a detached official—before a person suffers a loss or material impairment of that interest. 281 Kan. 770, Syl. ¶ 2. The *Kempke* decision also recognizes that the combination of the administrative hearing with de novo judicial review provides sufficient constitutional due process in the context of suspension of driving privileges. 281 Kan. at 795-97. DeLong does not argue otherwise. To the contrary, she devotes most of her brief to an extended historical aside discussing the evolution of due process rights pertaining to driver's licenses culminating in the *Kempke* decision. And while that excursion may be in some abstract way interesting, it is entirely impertinent to the argument DeLong attempts to advance. In short, DeLong embraces the current hearing process as fully consistent with constitutional due process requirements.

The cornerstone of a due process claim is a state-sanctioned loss of a constitutionally protected property or liberty interest. *Hogue v. Bruce*, 279 Kan. 848, 850-51, 113 P.3d 234 (2005) ("The first inquiry is whether the State has deprived [the plaintiff] of life, liberty, or property."); *Williams v. DesLauriers*, 38 Kan. App. 2d 629, 636-37, 172 P.3d 42 (2007); *Boutwell v. Keating*, 399 F.3d 1203, 1211 (10th Cir. 2005) ("In order to establish a due process violation, Mr. Boutwell must first demonstrate that he has been deprived of a constitutionally-protected liberty or property interest."). DeLong's argument runs aground in trying to satisfy that obligation. She identifies no deprivation or loss occasioned by the Department of Revenue's notice informing her of the prospective suspension of her driving privileges. The notice simply states that the privileges would be suspended on a date certain about 3 weeks later. That entails no loss or impairment. Moreover, the Department of Revenue sent another notice 2 days later acknowledging DeLong's request for judicial review and noting her driving privi-

leges would remain in effect throughout that process. At no point has DeLong been deprived of a valid driver's license.

In her briefing, DeLong (actually, of course, her lawyer) fails to describe or define any sort of interest that had been impaired or diminished in any way by the Department of Revenue's notices. As we have said, it could not have been DeLong's driver's license or driving privileges generally, since those remained intact. But the briefing points to no other tangible interest. DeLong asserts the December 3 notice caused her some consternation because she had understood her driving privileges would not be suspended during the judicial review she had requested. As we have noted, however, the notice described a prospective suspension period, not an immediate loss of driving privileges. The Department of Revenue, of course, almost immediately sent out a supplemental notice confirming DeLong's driving privileges would be maintained during the requested judicial review. Accordingly, DeLong's discombobulation should have been short-lived. And discombobulation, whatever its duration, does not support a constitutional due process claim. (We suppose, too, that DeLong's lawyer could have explained the actual effect of the paperwork to his client, thereby quelling her unease.)

From a legal standpoint, DeLong has failed to present so much as a semblance of a fully articulated due process argument, let alone one that might be considered colorable. She has made no effort to describe a deprivation that resembles anything even remotely rising to the level of a constitutionally protectable interest in property or liberty. Ultimately, the argument looks less like the defense of a legitimate constitutional right than a tool for delay.

We note in passing that the Kansas courts have been somewhat circumspect in defining the nature of the interest a driver has in his or her license for due process purposes. See *Kempke*, 281 Kan. 770, Syl. ¶ 2 (A driver's license confers an "important interest" subject to procedural due process protections before the state may suspend that authorization to operate a motor vehicle.). The interest likely is one resting in the realm of property, rather than liberty. The United States Supreme Court has looked at driving privileges that way in weighing appropriate due process protections. *Bell v.*

*Burson*, 402 U.S. 535, 539, 91 S. Ct. 1586, 29 L. Ed. 2d 90 (1971) (recognizing due process rights attach to driver's licenses and likening the protected interest to wages seized through garnishment proceedings, *Sniadach v. Family Finance Corp.*, 395 U.S. 337, 341-42, 89 S. Ct. 1820, 23 L. Ed. 2d 349 [1969] [property interest], and termination of welfare benefits, *Goldberg v. Kelly*, 397 U.S. 254, 262 n.8, 90 S. Ct. 1101, 25 L. Ed. 2d 287 [1970] [property interest]). Liberty interests typically implicate some government restraint of an individual. *Hamdi v. Rumsfeld*, 542 U.S. 507, 529-30, 124 S. Ct. 2633, 159 L. Ed. 2d 578 (2004) (cases cited). Whether a protected interest may be characterized as one based in property or in liberty may affect the amount of process constitutionally due. *Bell*, 402 U.S. at 540 ("[P]rocedures adequate to determine a welfare claim may not suffice to try a felony charge.").

The distinction between liberty and property interests is immaterial here, since DeLong identifies no diminution or loss of any protectable interest. We affirm the trial court's denial of DeLong's motion claiming a due process violation and uphold the suspension of her driving privileges.