(296 P.3d 1128)
No. 108,204

ANGIE K. PRATT, *Appellant*, v. KANSAS DEPARTMENT OF REVENUE, *Appellee*.

—

Opinion filed February 8, 2013.

*Daniel C. Walter*, of Ryan, Walter & McClymont, Chtd., of Norton, for appellant.

*James G. Keller*, deputy general counsel, Kansas Department of Revenue, for appellee.

Before ARNOLD-BURGER, P.J., GREEN, J., and HEBERT, S.J.

ARNOLD-BURGER, J.: Before the Kansas Department of Revenue (KDR) can suspend a driver's license as a result of a driver's illegal breath alcohol concentration (BAC) level, Kansas law requires the arresting officer to serve the driver with a form notice called a DC-27 form. K.S.A. 2010 Supp. 8-1002(c). Our courts have treated the service of this form on the driver as jurisdictional, meaning if it is not properly served, then the KDR lacks the administrative authority or jurisdiction to suspend or restrict the driver's driving privileges. *Anderson v. Kansas Dept. of Revenue*, 18 Kan. App. 2d 347, 348, 853 P.2d 69, *rev. denied* 253 Kan. 856 (1993).

In this case, the arresting officer personally served Pratt with the DC-27 form but failed to check a box on the DC-27 form to indicate the *manner* of service, personal or mailed. We find that this did not deprive the KDR of jurisdiction to suspend Pratt's driver's license for two reasons. First, Pratt stipulated that the officer per-

sonally served her with the notice. Second, while the DC-27 form includes a paragraph that allowed for the arresting officer to certify the manner of service, personal or mailed, there is no statutory requirement for such certification. Thus, the officer's failure to certify the manner of service of the DC-27 form on Pratt does not, standing alone, deprive the KDR of jurisdiction. The only other issue raised by Pratt involves a claim of actual prejudice that is refuted by the record. Accordingly, we affirm the decision of the district court affirming the KDR's suspension of Pratt's driver's license.

### FACTUAL AND PROCEDURAL HISTORY

Pratt was driving when she was stopped by police and subsequently submitted a BAC test that was over the legal limit. Following her arrest for driving under the influence (DUI), the officer personally served her with a copy of a DC-27 form. At issue is a numbered paragraph of the DC-27 form served on Pratt that read as follows:

"8. A copy of this document which contains a Notice of Driver's License Suspension is being served on the above-named person on 7-17, 2010 by (check one) personal service; mailing by first-class mail to the address shown above. NOTE: Personal service is required if a determination of refusal or failure is made while the person is in custody."

Although the officer initialed this paragraph, he did not check either box within the paragraph. The officer's failure to check either box under this paragraph on the DC-27 form serves as the impetus behind this appeal. Simply put, Pratt insists that the officer's failure to certify, by checking the appropriate box, that he personally served her with the DC-27 form deprived the KDR of jurisdiction to suspend her driving privileges.

After receiving trial briefs from both parties, which included a stipulation regarding all relevant facts, the district court concluded the officer's failure to check a box under paragraph 8 on the DC-27 form did not deprive the KDR of jurisdiction, so it denied Pratt's petition for review and affirmed the KDR's suspension of Pratt's driving privileges. This is Pratt's timely appeal from that decision.

ANALYSIS

On appeal, Pratt reiterates her argument that the KDR lacked jurisdiction to suspend her driving privileges due solely to the arresting officer's failure to check a box under paragraph 8 on the DC-27 form to certify his personal service of that form on Pratt. The KDR responds that the officer was not statutorily obligated to certify the manner in which he served Pratt with the DC-27 form and that Pratt cannot show any actual prejudice given her admission of personal service and her timely request and receipt of an administrative hearing.

*Our standard of review in this case is de novo.*

The parties agree that this court has unlimited review over this issue for at least three reasons.

First, Pratt frames the issue of the officer's failure to check the box noting personal as opposed to mailed service on the DC-27 form as one involving the KDR's jurisdiction. See *Anderson,* 18 Kan. App. 2d at 348 (framing the issue of proper service of notice as jurisdictional). Whether the KDR had subject matter jurisdiction is a legal question subject to unlimited appellate review. *Kingsley v. Kansas Dept. of Revenue,* 288 Kan. 390, 395, 204 P.3d 562 (2009).

Second, resolution of the issue requires this court to interpret statutes, which also raises a question of law which is subject to unlimited appellate review. 288 Kan. at 395.

Third, appellate courts have de novo review of a district court's decision based upon stipulated facts and documents. *Shirley v. Kansas Dept. of Revenue,* 45 Kan. App. 2d 44, 46, 243 P.3d 708 (2010).

*The general purpose of the DC-27 form is examined.*

Before discussing the parties' arguments, some general background of the creation of the DC-27 form is necessary for context. In that regard, our Supreme Court has explained that the DC-27 form was developed by the KDR to aid law enforcement officers, the Division of Motor Vehicles, and drivers who have been requested to submit to alcohol testing. There are two primary com-

ponents to the DC-27 form: a notification aspect and a certification aspect. The notification aspect arises under K.S.A. 2010 Supp. 8-1001(k) and contains information an officer must advise the driver of before administering an alcohol test. The certification aspect arises under K.S.A. 2010 Supp. 8-1002(a) and concerns matters occurring after the test failure or test refusal has already taken place. See *State v. Baker*, 269 Kan. 383, 385-87, 2 P.3d 786 (2000). There is no dispute here that the DC-27 form served on Pratt reflects the officer's strict compliance with these pretest notice and posttest certification requirements. See K.S.A. 2010 Supp. 8-1002(a) and (d) (setting forth information officer is required to certify and additional information required on the DC-27 form).

*We review the purpose of the check boxes in paragraph 8 on the DC-27 form.*

Rather, the sole dispute in this case involves the substance of numbered paragraph 8 of the DC-27 form, which the KDR points out serves a purpose distinct from the pretest notification and post-test certification requirements discussed in *Baker*: it indicates *how* the DC-27 form was served upon the driver. An entirely separate subsection of K.S.A. 2010 Supp. 8-1002 governs that requirement, providing, in pertinent part:

"(c) When the officer directing administration of the testing determines that a person has . . . failed a test and the criteria of subsection (a)(2) have been met, the officer shall serve upon the person notice of suspension of driving privileges pursuant to K.S.A. 8-1014, and amendments thereto. If the determination is made while the person is still in custody, service shall be made in person by the officer on behalf of the division of vehicles."

Notably, although the DC-27 form includes a space under paragraph 8 for the officer to check how service of the form was accomplished, personally or by mail, nothing in the plain language of K.S.A. 2010 Supp. 8-1002(a), which is the only subsection that lists information to which the officer must certify, requires certification of the *manner* of service. The statute, in a later subsection, merely requires that the form contain "the date notice is being served." K.S.A. 2010 Supp. 8-1002(d). According to the KDR, the check boxes in paragraph 8 are on the DC-27 form simply because "it is

sometimes helpful to the [KDR] to know the manner of service . . . [and] [h]aving a place to indicate the manner of service on the form also helps remind officers that in certain cases personal service is required."

Because the statute does not require that the officer certify the manner of service, we cannot read into the statute a requirement not provided by the legislature. See *Enslow v. Kansas Dept. of Revenue*, 26 Kan. App. 2d 953, 957, 996 P.2d 361 (2000).

*The arresting officer strictly complied with the statute.*

Although the primary thrust of Pratt's arguments on appeal concerns whether the doctrine of substantial compliance applies to the requirements of K.S.A. 2010 Supp. 8-1002, we need not reach this issue because Pratt stipulated that the arresting officer strictly complied with K.S.A. 2010 Supp. 8-1002(c) by personally serving her with the DC-27 form. In addition, the officer initialed paragraph 8, indicating that he served the DC-27 form on Pratt, and he noted the date of service. When there is strict compliance with a statute, the doctrine of substantial compliance never comes into play. See *Byrd v. Kansas Dept. of Revenue*, 295 Kan. 900, 907, 287 P.3d 232, 237 (2012) (finding that there was no need to consider the doctrine of substantial compliance as it relates to K.S.A. 2010 Supp. 8-1002[c] in light of uncontroverted evidence that the DC-27 form was mailed according to office policy).

So the only question before this court is: What, if any, effect does the arresting officer's failure to check the box under numbered paragraph 8 on the DC-27 form have on the KDR's jurisdiction to suspend Pratt's license when, as here, personal service is admitted?

The answer is none. Although such a failure might have some other effect, such as requiring the arresting officer's testimony at an administrative hearing concerning the manner of service (which the KDR states was done here) or it might require the officer's testimony to provide foundation for admission of evidence of the test results during a related criminal proceeding, it does not, standing alone, deprive the court of jurisdiction because the officer strictly complied with the statute. See *Baker*, 269 Kan. at 388.

Accordingly, Pratt's challenge to the KDR's jurisdiction to suspend her license lacks merit.

*Pratt cannot show actual prejudice.*

This leaves one last argument by Pratt, which is her claim that she was actually prejudiced by the officer's failure to check a box under paragraph 8. More specifically, Pratt contends that this failure deprived her of the ability to "discern from the black and white record the precise process by which the driver's license suspension determination would be made and when jurisdiction on the DC-27 form would lapse." Along these same lines, Pratt variously argues: she "was unable to determine the administrative and judicial process by which the driver's license suspension would be made"; she did not "fully understand her rights"; she did not understand "how to proceed and strictly comply with the requirements of her petition for review"; and "[i]n order for [her] to properly understand how to proceed and strictly comply with the requirements of her petition for review, the DC-27 form must indicate how she was served."

As support for her prejudice arguments, Pratt points to the instructions for requesting an administrative hearing found on the reverse side of the DC-27 form. Those instructions state that any such request must be postmarked within 14 calendar days "after the date of service of this form," and that "[i]f this form was served on you by mail, you will have an additional 3 days, pursuant to K.S.A. 60-206(d)." According to Pratt, without any indication on the form of how she was served "she would not know the timeframe in which she had to file the petition for review."

But as the KDR properly points out, Pratt's argument confuses the deadline for filing a request for an administrative hearing under K.S.A. 2010 Supp. 8-1020 with the deadline for filing a petition for judicial review filed under K.S.A. 77-613. And regardless, Pratt met both deadlines, so the record contradicts her prejudice arguments.

Second, Pratt has not shown any legal interest that has been impaired or diminished by the manner in which the officer completed the DC-27 form. Pratt received an administrative hearing and an opportunity for a bench trial on her petition for review, and

her driving privileges remained intact throughout the proceedings. Accordingly, none of her legal rights were prejudiced. See *DeLong v. Kansas Dept. of Revenue*, 45 Kan. App. 2d 454, 457-58, 252 P.3d 582 (2011) (a driver's due process rights not implicated when driving privileges were temporarily extended pending the outcome of agency action).

Pratt's final suggestion that she was not required to establish prejudice lacks merit. This argument is premised on the officer's failure to strictly comply with the certification and notice requirements of K.S.A. 2010 Supp. 8-1002. As already discussed above, there was strict compliance with those statutory requirements, so Pratt's argument necessarily fails.

For all of these reasons, we affirm the district court's decision denying Pratt's petition for review and affirming the KDR's suspension of Pratt's driving privileges.