No. 116,779

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CRAIG WALL,
*Appellee*,

v.

KANSAS DEPARTMENT OF REVENUE,
*Appellant*.

SYLLABUS BY THE COURT

1.

Generally, only issues raised at the administrative hearing may be raised in a petition for judicial review.

2.

Subject matter jurisdiction may be raised at any time, whether for the first time on appeal or even on the appellate court's own motion.

3.

The Kansas Department of Revenue has an independent duty under K.S.A. 2016 Supp. 8-1002(f) to review an officer's certification and notice of suspension form (DC-27) to determine if it meets the requirements of K.S.A. 2016 Supp. 8-1002(a).

4.

Upon its independent review, if the Kansas Department of Revenue determines the officer's certification fails to meet the requirements of K.S.A. 2016 Supp. 8-1002(a), it

1

shall dismiss the administrative proceeding and return any driver's license surrendered by the driver.

Appeal from Russell District Court; STEVEN E. JOHNSON, judge. Opinion filed August 11, 2017. Affirmed.

*Ashley R. Iverson*, of Legal Services Bureau, Kansas Department of Revenue, for appellant.

*Michael S. Holland II*, of Holland and Holland, of Russell, for appellee.

Before SCHROEDER, P.J., POWELL and GARDNER, JJ.

SCHROEDER, J.: The Kansas Department of Revenue (KDOR) appeals the dismissal for lack of jurisdiction of its administrative suspension of Craig Wall's driver's license for failure of an alcohol test. We agree with Wall—KDOR never had jurisdiction to proceed with the administrative hearing as the certification and notice of suspension (DC-27) form was incorrectly prepared. We affirm.

On March 25, 2016, Wall was arrested for driving under the influence of alcohol. The arresting officer completed a DC-27 form indicating Wall failed an evidentiary breath test. However, the accompanying test results showed no breath sample was given. The officer also did not mark Paragraphs 9-11 of the DC-27 form, which are required to be certified when there is a test failure. Wall timely requested an administrative hearing before KDOR. At the administrative hearing he argued: (1) The arresting officer lacked reasonable grounds to request a preliminary breath test; (2) the implied consent warnings given prior to testing were unconstitutionally coercive; and (3) his due process rights were violated based on an improper recitation of the law by the arresting officer. KDOR affirmed the suspension.

2

Wall timely filed a petition for judicial review, arguing the same issues raised at the administrative hearing. At trial, he moved for summary judgment, arguing the suspension should be dismissed for lack of jurisdiction because the DC-27 form was improperly certified. Specifically, he argued the certifying officer indicated a breath test failure but the test results showed no breath sample was given. The district court granted Wall's motion based on the inconsistency between the DC-27 form and the test results because KDOR "never gained jurisdiction with a properly certified and filed DC-27 form." KDOR timely appealed.

KDOR argues the district court lacked jurisdiction to consider the issue of subject matter jurisdiction because Wall did not raise it at the administrative hearing or in his petition for judicial review. Whether jurisdiction exists is a question of law over which this court's scope of review is unlimited. *Fuller v. State*, 303 Kan. 478, 492, 363 P.3d 373 (2015). Subject matter jurisdiction may be raised at any time, whether for the first time on appeal or even on the appellate court's own motion. *Jahnke v. Blue Cross & Blue Shield of Kansas*, 51 Kan. App. 2d 678, 686, 353 P.3d 455 (2015), *rev. denied* 303 Kan. 1078 (2016). To the extent the issue requires this court to interpret Kansas statutes, it raises a question of law subject to unlimited review. *Pratt v. Kansas Dept. of Revenue,* 48 Kan. App. 2d 586, 588, 296 P.3d 1128 (2013).

KDOR is correct that Wall did not raise the issue at the administrative hearing or in his petition for judicial review. However, KDOR errs in arguing the district court lacked jurisdiction to consider it. Ordinarily, the district court can only consider issues raised at the administrative hearing. See *Kingsley v. Kansas Dept. of Revenue*, 288 Kan. 390, 410, 204 P.3d 562 (2009). However, subject matter jurisdiction is an issue that can be raised at any time. *Jahnke*, 51 Kan. App. 2d at 686. Here, KDOR had an independent duty to examine the DC-27 form irrespective of Wall's request for an administrative hearing or the issues he raised therein. KDOR is required to examine the face of the DC-

3

27 form to make sure the certifying officer properly certified a test failure or refusal. It did not do so in this case.

This independent duty arises from K.S.A. 2016 Supp. 8-1002(f), which states, in pertinent part: "Upon receipt of the law enforcement officer's certification, the division shall review the certification to determine that it meets the requirements of subsection (a)." Based on the plain language of subsection (f), KDOR is required to review the certification *upon receipt*. This duty is not contingent on the motorist's request for an administrative hearing or the motorist raising the issue therein. Subsection (f) also states: "If the requirements of subsection (a) are not met, the division *shall* dismiss the administrative proceeding and return any license surrendered by the person." (Emphasis added.) Again, this requirement is not contingent on the motorist's request for an administrative hearing or the motorist raising the issue therein.

Given the mandate of the statutory language—"the division *shall dismiss* the administrative proceeding"—this is an issue of subject matter jurisdiction because "'[s]ubject matter jurisdiction is the power of the court to hear and decide a particular type of action.' *State v. Matzke*, 236 Kan. 833, 835, 696 P.2d 396 (1985)." *State v. Dunn*, 304 Kan. 773, 784, 375 P.3d 332 (2016). Therefore, it was appropriate for the district court to consider the issue despite Wall's failure to raise it at the administrative hearing or in his petition for judicial review. See *Jahnke*, 51 Kan. App. 2d at 686. KDOR does not argue the district court erred in its ultimate determination, *i.e.*, KDOR does not claim it actually had subject matter jurisdiction. An issue not briefed by the appellant is deemed waived or abandoned. *Superior Boiler Works, Inc. v. Kimball*, 292 Kan. 885, 889, 259 P.3d 676 (2011). Nevertheless, the district court did not err in determining KDOR lacked subject matter jurisdiction.

4

Here, the certifying officer indicated Wall failed a breath test; however, the test results attached to the DC-27 form showed no sample was given. In other words, Wall did not fail the breath test; he refused it. See *State v. May*, 293 Kan. 858, 863, 269 P.3d 1260 (2012) (failure to provide an adequate breath sample constitutes refusal). The certifying officer failed to comply with the requirements of K.S.A. 2016 Supp. 8-1002(a)(1) because he did not indicate a test refusal under Paragraph 4 of the DC-27 form. Even if Wall had failed a breath test, the officer failed to certify: (1) The testing equipment used was certified by the Kansas Department of Health and Environment; (2) the testing procedures used were in accordance with the requirements set out by the Kansas Department of Health and Environment; and (3) the person who operated the testing equipment was certified by the Kansas Department of Health and Environment to operate such equipment (Paragraphs 9-11 of the DC-27 form). Therefore, the officer's certification did not comply with K.S.A. 2016 Supp. 8-1002(a)(3). Thus, under either ground for suspension—refusal or failure—the officer's certification did not comply with the requirements of K.S.A. 2016 Supp. 8-1002(a).

KDOR should have dismissed the suspension and returned Wall's driver's license even if he had not requested an administrative hearing. The fact he did not raise the issue at the administrative hearing does not bar review because KDOR should never have proceeded with the suspension action and the hearing should not have occurred in the first place. KDOR lacked subject matter jurisdiction as it was statutorily required to dismiss the administrative proceeding because the officer's certification did not comply with K.S.A. 2016 Supp. 8-1002(a). It had no power to hear and decide the action. See K.S.A. 2016 Supp. 8-1002(f); *Dunn*, 304 Kan. at 784.

Affirmed.

5