NOT DESIGNATED FOR PUBLICATION

No. 124,169

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ALEX FISHER,
*Appellant*,

v.

KANSAS DEPARTMENT OF REVENUE,
*Appellee*.

MEMORANDUM OPINION

Appeal from Johnson District Court; JAMES F. VANO, judge. Opinion filed July 22, 2022. Affirmed.

*Thomas J. Bath Jr.* and *Mark E. Hartman*, of Bath & Edmonds, P.A., of Leawood, for appellant.

*Nhu Nguyen*, of Legal Services Bureau, Kansas Department of Revenue, for appellee.

Before CLINE, P.J., ISHERWOOD and HURST, JJ.

PER CURIAM: The Kansas Department of Revenue (KDOR) suspended Alex Fisher's driving privileges under K.S.A 2021 Supp. 8-1002 after Fisher failed a breath test. Fisher claims the KDOR lacked jurisdiction to issue the suspension because the arresting officer included an incorrect date on the notice of suspension of his driver's license, known as a "DC-27 form." We find this mistake did not deprive the KDOR of jurisdiction and affirm the suspension.

Fisher was pulled over for a traffic violation while driving in Overland Park, Kansas. After he failed a breath test, the arresting officer then certified and served Fisher

1

with a DC-27 form. This form notifies the driver that his license is "hereby suspended, pursuant to K.S.A. 8-1014, effective the 30th day after the date of service of this notice, unless a timely request for hearing is made."

While both parties agree the arrest date and service date was August 25, 2019, the DC-27 form Fisher received mistakenly listed both dates as April 25, 2019.

Fisher timely requested an administrative hearing and notified the KDOR that the dates in the DC-27 form served on him were incorrect. He challenged the KDOR's jurisdiction based on the mistaken DC-27 form, but the KDOR affirmed his suspension. The district court also rejected Fisher's jurisdictional claim, after Fisher petitioned for review of the KDOR decision.

Fisher now raises this same issue on appeal. Because K.S.A. 2021 Supp. 8-1002(d) requires the DC-27 form to include the date notice was served, and the date on his form was incorrect, Fisher claims service of his DC-27 form was improper. He contends the mistaken date deprives the KDOR of administrative authority or subject matter jurisdiction to suspend or restrict his driving privileges. We disagree.

*Standard of Review*

Whether subject matter jurisdiction exists is a question of law over which this court's scope of review is unlimited. *Bruch v. Kansas Dept. of Revenue*, 282 Kan. 764, 774, 148 P.3d 538 (2006). Similarly, the interpretation of statutes is a question of law over which we exercise de novo review. *Nauheim v. City of Topeka*, 309 Kan. 145, 149, 432 P.3d 647 (2019).

*A General Overview of Kansas' Implied Consent Statutes*

K.S.A. 2021 Supp. 8-1001(b)(1) provides that if an officer has probable cause to believe the person has violated the statute prohibiting driving under the influence and the person has been arrested or taken into custody in relation thereto or the person was involved in a vehicle accident or collision resulting in property damage, personal injury, or death, then the officer shall request the person to submit to a breath or blood test.

If the driver fails the test, one or more officers must prepare and sign a certification that reasonable grounds existed to believe the person was operating a vehicle under the influence of alcohol or drugs; the person was placed under arrest, was in custody, or had been involved in a vehicle accident; a law enforcement officer had presented the person with the oral and written notice required by K.S.A. 2021 Supp. 8-1001(m); and the result of the test showed that the person had an alcohol concentration of .08 or greater in such person's blood or breath. K.S.A. 2021 Supp. 8-1002(a)(2).

The certification is complete upon signing and provides the KDOR authority to suspend the driver's license. K.S.A 2021 Supp. 8-1002(b).

When the officer directing administration of the testing determines that a person either refused or failed a test and the criteria of subsection (a) have been met, the officer must serve notice of the suspension of driving privileges on the driver. If the determination is made while the person is still in custody, service must be made in person by the officer on behalf of the division of vehicles. When a test failure is established by a later analysis of a breath, blood, or urine sample, the officer must serve notice of the suspension in person or by another designated officer or by mailing the notice to the person at the address provided at the time of the test. K.S.A. 2021 Supp. 8-1002(c).

Along with the requirements of K.S.A. 2021 Supp. 8-1002(a)(2), the form also must include the following information:  the person's name, driver's license number, and current address; the reason and statutory grounds for the suspension; the date notice is being served and a statement that the effective date of the suspension shall be the 30th day after the date of service; the right of the person to request an administrative hearing; and the procedure the person must follow to request an administrative hearing. K.S.A. 2021 Supp. 8-1002(d). A copy of this form is forwarded to the KDOR, which reviews the certification to ensure that all requirements were met. If so, it will suspend the driver's driving privileges in accordance with the notice of suspension already served. K.S.A. 2021 Supp. 8-1002(e), (f).

If the driver fails the test, the officer must take his or her driver's license and issue a 30-day temporary license. K.S.A. 2021 Supp. 8-1002(e). A driver may request an administrative hearing, which will keep the temporary license active until 30 days after the hearing. K.S.A. 2021 Supp. 8-1020(a), (b). But the driver only has 14 days from the date of service of notice to do so. K.S.A. 2021 Supp. 8-1020(a). If a driver fails to make a timely request for an administrative hearing, the suspension is final. K.S.A. 2021 Supp. 8-1020(c).

*Incorrect information on a DC-27 form does not deprive the KDOR of jurisdiction.*

Fisher contends on appeal that if a DC-27 form lacks the information required under K.S.A. 2021 Supp. 8-1002, the KDOR lacks administrative authority or jurisdiction to revoke a person's license.

Subject matter jurisdiction refers to the statutory or constitutional power of a court to hear and decide a particular type of action. The lack of subject matter jurisdiction renders the proceedings void. *State v. Dunn*, 304 Kan. 773, 784, 375 P.3d 332 (2016).

4

Fisher correctly notes that panels of this court have treated noncompliance with certain statutory requirements of the DC-27 form as jurisdictional. See, e.g., *Wall v. Kansas Dept. of Revenue*, 54 Kan. App. 2d 512, 514-15, 401 P.3d 670 (2017) (holding that KDOR lacked subject matter jurisdiction to suspend driver's license where driver refused breath test but officer erroneously filled out section on DC-27 form showing that driver failed breath test); *Pratt v. Kansas Dept. of Revenue*, 48 Kan. App. 2d 586, 586, 296 P.3d 1128 (2013) (noting that Kansas courts have treated the service of the DC-27 form on the driver as jurisdictional); *Anderson v. Kansas Dept. of Revenue*, 18 Kan. App. 2d 347, 355, 853 P.2d 69 (1993) (affirming reinstatement of driver's license where officer failed to personally serve DC-27 form on grounds that error deprived KDOR of jurisdiction); *Stutsman v. Kansas Dept. of Revenue*, No. 119,528, 2019 WL 1303063, at *5 (Kan. App. 2019) (unpublished opinion) (concluding that missing information on DC-27 form deprived KDOR of jurisdiction to administratively suspend driver's license).

But, as the KDOR points out, other panels of this court have refused to treat strict compliance with K.S.A. 8-1002 as jurisdictional. *Sandate v. Kansas Dept. of Revenue*, 58 Kan. App. 2d 450, 454-55, 471 P.3d 700 (2020); *Vance v. Kansas Dept. of Revenue*, No. 122,889, 2021 WL 5991872, at *3-4 (Kan. App. 2021) (unpublished opinion), *rev. denied* 315 Kan. ___ (May 25, 2022); *Trowbridge v. Kansas Dept. of Revenue*, No. 119,510, 2020 WL 4035042, at *2-3 (Kan. App. 2020) (unpublished opinion). The panel in *Sandate* and *Trowbridge* likened the DC-27 form to a charging document in a criminal case. Citing *Dunn*, the panels in these cases noted that charging documents do not bestow or confer subject matter jurisdiction and that even prejudicial deficiencies in due process or notice do not render the outcome of a prosecution void for lack of subject matter jurisdiction. *Sandate*, 58 Kan. App. 2d at 454-55; *Trowbridge*, 2020 WL 4035042, at *2-3.

As the panel explained in *Sandate* (and repeated in *Trowbridge*):

5

"There are two primary components to the DC-27 form: a notification aspect and a certification aspect. The notification aspect arises under K.S.A. 2019 Supp. 8-1001(k) and contains information an officer must advise the driver of before administering an alcohol test. The certification aspect arises under K.S.A. 2019 Supp. 8-1002(a) and concerns matters occurring after the test failure or test refusal has already taken place. See *Pratt*, 48 Kan. App. 2d at 588-89.

"The DC-27 is the functional equivalent of a charging document. It gets the ball rolling on the suspension of driving privileges that accompany a DUI arrest. Without the filing of the DC-27 with the KDOR, a driver's license suspension for an alcohol test refusal or failure does not happen. And just as the goal of a charging document is to inform the defendant of the alleged offense, so the DC-27 provides notice to the driver of the reasons for the suspension action and the evidence that supports it. See *State v. Rasch*, 243 Kan. 495, 497, 758 P.2d 214 (1988) (purpose of complaint is to fairly apprises the defendant of the crime charged). The driver may challenge the sufficiency of the certification at the administrative hearing. K.S.A. 2019 Supp. 8-1020(h).

"The Kansas Supreme Court has held that charging documents do not bestow or confer subject matter jurisdiction. *Dunn*, 304 Kan. 773, Syl. ¶ 1. Likewise, defects in a complaint or indictment do not deprive a court of its power to adjudicate a case. See *United States v. Cotton*, 535 U.S. 625, 630, 122 S. Ct. 1781, 152 L. Ed. 2d 860 (2002). Even the failing to swear to or verify the complaint does not deprive the court of jurisdiction. *State v. Graham*, 247 Kan. 388, 394, 799 P.2d 1003 (1990).

"Like a complaint, once the DC-27 is filed with the KDOR, the KDOR and subsequent reviewing courts have subject matter jurisdiction over the driver's license suspension subject matter; and that makes sense. The KDOR and the courts have to have jurisdiction to make the decision regarding the adequacy of the DC-27. Perhaps KDOR should have dismissed the case upon filing and should never have required the licensee to request and have an administrative hearing, but that can only be determined by an administrative or judicial officer's decision. An error in KDOR's decision does not impact its jurisdiction to make the decision. And the KDOR and the courts are not somehow deprived of that jurisdiction because the DC-27 was insufficient. In discussing subject matter jurisdiction over criminal complaints, the Supreme Court has noted that 'even prejudicial deficiencies in due process or notice do not render the outcome of a prosecution void for lack of subject matter jurisdiction.' *Dunn*, 304 Kan. at 814.

Accordingly, we find that KDOR had subject matter jurisdiction to suspend [the] driver's license." *Sandate*, 58 Kan. App. 2d at 454-55.

See *Trowbridge*, 2020 WL 4035042, at *3.

We agree with the panels of this court that have found that failure to strictly comply with every statutory requirement in the DC-27 form does not deprive the KDOR and the courts of subject matter jurisdiction. A driver in Fisher's position where a certifying officer made a clerical error on the DC-27 form may challenge the sufficiency of the DC-27 form at the administrative hearing. And the KDOR must exercise its subject matter jurisdiction to evaluate that challenge. While that inquiry may involve whether the KDOR erred in failing to dismiss the case upon review of the DC-27 form or in suspending the license after a hearing as a result of noncompliance with the strict statutory requirements, KDOR's jurisdiction does not turn on the answer to those questions. We do not find jurisdiction to be such a transient concept.

Since Fisher only challenges KDOR's authority to suspend his license, and not the reasoning of its decision to do so, we need not address whether the KDOR should have dismissed the case because of the mistaken dates on the DC-27 form.

Affirmed.